**E. Gary CAMPION, Appellant (Defendant Below),**

v.

**Mary WYNN, Appellee (Plaintiff Below).**

No. 4–585A136.

Court of Appeals of Indiana, Fourth District.

Dec. 10, 1985.

Gary R. Landau, Buck Berry Landau Breunig & Quinn, Indianapolis, for appellant.

Christopher E. Baker, Steven L. Yount, Rubin & Levin, Indianapolis, for appellee.

CONOVER, Judge.

Appellant-Defendant E. Gary Campion (Campion) appeals the judgment by the trial court finding him personally liable for a promissory note made to Appellee-Plaintiff Mary Wynn (Wynn).

We affirm.

## ISSUES

Campion presents one issue for our review:

whether judgment finding Campion personally liable for a promissory note is unsupported by the evidence and contrary to law.

## FACTS

Campion is president and sole stockholder of Chairs, Inc. In January, 1984, Campion approached Wynn, an employee of Chairs, Inc., requesting she purchase shares of stock in the corporation. She declined. Later the same month Campion again approached Wynn telling her of his need for money to buy fabric to fill orders. Wynn agreed to loan $8,000 if Campion would sign a note.

On February 13, 1984, Campion drew up a note which he executed to Wynn. The note made no mention of Chairs, Inc. as promissor, and was signed merely "E. Gary Campion" with no description of any representative capacity. In the entire note the only mention of the corporation appears below the signature line, in the area reserved for address. Wynn issued a check for $8,000. She originally was going to make the check payable to Campion, but at his direction, made Chairs, Inc. the payee. The funds were deposited directly into the Chairs, Inc. account. All funds were evidently used to pay for corporate expenses.

Chairs, Inc. went out of business in May 1984. No payments were ever made on the note. Wynn brought suit and the court found Campion individually liable.

## DISCUSSION AND DECISION

■ When we review for sufficiency of the evidence we neither reweigh the evidence nor judge the credibility of witnesses. Rather, we consider only the evidence most favorable to the trial court's decision and all reasonable inferences to be drawn therefrom. When there is substantial evidence of probative value to support the decision, the judgment will not be disturbed. *Lowery v. State* (1985), Ind., 478 N.E.2d 1214, 1229; *Baker v. State* (1985), Ind.App., 483 N.E.2d 772, 776; *Knisley v. State* (1985), Ind.App., 474 N.E.2d 513, 517. Further, it is our duty to sustain the trial court on any theory supported by the evi-

dence. *Orkin Exterminating Co., Inc. v. Traina* (1984), Ind.App., 461 N.E.2d 693, 703.

Campion concedes the note he prepared and signed does not disclose his representative capacity. However, it does sufficiently name the party he represents, he contends. Thus, the provisions of IND.CODE 26–1–3–403(2)(b)[1] apply and parol evidence is admissible to establish he signed only in a representative capacity. He further contends the evidence is without conflict and can lead only to the conclusion Wynn's loan was exclusively to the corporation. We disagree.

Assuming, arguendo, Campion is correct the promissory note sufficiently states the name of the party he represents, the evidence at trial is, at most, contradictory.

Campion's brief merely invites us to reweigh the evidence which we may not do.

■ Further, there are at least two other theories upon which the trial court's judgment may be upheld. The trial judge may have believed the sole reference to the corporation was insufficient to name the corporation in accordance with I.C. 26–1–3–403(2)(b). The only reference to the corporation appears not in the body of the note or on the signature line, but below any reference to named parties and in a section entitled "Address." In addition to being placed wholly within the address section, the indentation of the various information would set the address, including the reference to Chairs, Inc., completely apart from the names of the parties to the note. The only reference to Chairs, Inc. appears as follows:

Signed and delivered at _____ Indianapolis, Indiana _____ ,

this __13th__ day of _____ February _____ , 19 84 .

Signature: _____ E. Gary Campion _____ Signature: _____

Printed: __E. Gary Campion__ Printed: _____
Chairs of Indiana, Inc.
Address: __P.O. Box 367__ Address: _____
Indianapolis, Indiana 46206

© Copyright, 1976, by Indianapolis Bar Association.

From the construction of the promissory note, it would be reasonable for the trial judge to determine the sole reference to Chairs, Inc. was for the limited purpose of giving a complete address for Campion and not to name the corporation as a party to the note. If the corporation is not named in the note proper, then I.C. 26–1–3–403(2)(a) (see footnote) applies and Campion is personally liable on the note.

■ Finally, the wording of the promissory note is such as to make Campion personally liable even if the corporation is named as a party. The first paragraph of the note states,

... the undersigned (jointly and severally) promise(s) to pay...."

A joint and several contract is one in which the parties bind themselves both individual-

1. I.C. 26–1–3–403 provides, in pertinent part:
(1) A signature may be made by an agent or other representative, and his authority to make it may be established as in other cases of representation. No particular form of appointment is necessary to establish such authority.
(2) An authorized representative who signs his own name to an instrument.
(a) is personally obligated if the instrument neither names the person represented nor

shows that the representative signed in a representative capacity;
(b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.

ly and as a unit (jointly).  *Black's Law Dictionary* 751 (5th Edition 1979).  Thus, the note as written binds all persons signing the note.

Affirmed.

YOUNG, P.J., and MILLER, J., concur.