**James L. SPEED, Appellant–Defendant,**

v.

**OLD FORT SUPPLY COMPANY, INC., Appellee–Plaintiff.**

No. 02A03–0002–CV–66.

Court of Appeals of Indiana.

Nov. 14, 2000.

---

**1218**

Larry L. Barnard, Miller, Carson, Boxberger & Murphy, LLP, Fort Wayne, Indiana, Attorney for Appellant.

R. John Wray, Wray & Associates, Fort Wayne, Indiana, Attorney for Appellee.

## OPINION

MATTINGLY, Judge

James L. Speed appeals a judgment that he, and not his corporation, is bound by a credit application he executed in order to obtain building materials from Old Fort Supply Company ("Old Fort"). Because there is ample evidence to support the trial court's conclusion that Speed completed the credit application as an individual and not as a representative of the corporation, we affirm.

### FACTS AND PROCEDURAL HISTORY

■ The facts most favorable to the judgment [1] are that Speed was the owner

---

1. We remind Speed's counsel that a Statement of the Facts should be a concise narrative of the facts stated in a light most favorable to the judgment, and should not be argumentative. *County Line Towing, Inc. v. Cincinnati Ins. Co.*, 714 N.E.2d 285, 289 (Ind.Ct.App.1999), *transfer denied.* The Statement of the Facts Speed's counsel offers us is, by contrast, a transparent attempt to discredit the judgment, and it is clearly not intended to be a vehicle for informing this court. For example, counsel offers as "facts" such legal conclusions and argumentative statements as "it was not [Speed's] intent ... that he should be personally liable for any credit granted by Old Fort" (Br. of

and sole [2] shareholder of Lexington Building Corporation. Speed asked Old Fort to supply building materials on credit. He completed a written credit request form on which he listed on the "NAME" line both "Lexington Building Corp." and "James L. Speed." (R. at 43.) Speed listed his social security number on the form and Old Fort used that number to determine Speed's creditworthiness. There was evidence before the trial court that the materials Old Fort supplied pursuant to the credit request form were used for improvements on property Speed owned. The trial court determined Speed completed the credit application and agreed to pay the indebtedness to Old Fort as an individual and not as a representative of the corporation. It accordingly found Speed owed Old Fort a balance of about $54,000.

## STANDARD OF REVIEW

■■■ When findings of fact and conclusions of law are entered by the trial court, as occurred here, we will not set aside the judgment unless it is clearly erroneous; that is, unless we are definitely and firmly convinced the trial court committed error. The findings must disclose a valid basis for the legal result reached in the judgment, and evidence at trial must support each of the specific findings. We defer to the trial court when such evidence conflicts. We will not reweigh the evidence nor reassess the credibility of the witnesses before the court. Rather, we will affirm if there is sufficient evidence of probative value to support the decision, viewing the evidence most favorable to the judgment and the reasonable inferences drawn therefrom. *Naderman v. Smith*, 512 N.E.2d 425, 430 (Ind.Ct.App.1987).

## DISCUSSION AND DECISION

■■ The trial court's conclusion that Speed was personally liable for the indebtedness incurred pursuant to the credit agreement was not clearly erroneous. We addressed a similar situation involving a promissory note in *Campion v. Wynn*, 486 N.E.2d 543 (Ind.Ct.App.1985). There we found Campion, the president and sole shareholder of a corporation, personally liable on a note where the signature was Campion's and Campion's name was printed below the signature line, but where the "address" line stated "Chairs of Indiana, Inc." and indicated a post office box as the address. *Id* . at 545. We held the trial court could have reasonably determined the reference to the corporation was "for` the limited purpose of giving a complete address for Campion and not to name the corporation as a party to the note." *Id.*

We find no reason to treat an application for credit pursuant to which indebtedness was incurred differently from a promissory note in this regard. The signature and social security number on the credit application are Speed's, and the credit request form does not explicitly indicate Speed signed the form in his capacity as a corporate representative. There was evidence Old Fort relied on Speed's social security number to obtain his credit history and to determine whether to establish the credit account. While the form does include the corporate name and address, the trial court could have reasonably concluded the corporate information was provided in order to give a complete address for Speed. The evidence before the trial court and the inferences that may reasonably be drawn therefrom support the trial court's findings

Appellant at 6); "the credit form utilized by Old Fort was not ... a personal guarantee" (*id.*); that Speed executed the credit request form "in his role as President of Lexington" (*id.* at 5); and that Speed placed his social security number on the credit application because the form asked for it "and not be-

cause he intended to be personally liable" (*id.*).

2. Speed indicates in his Statement of the Facts that he was "the President and a shareholder." (Br. of Appellant at 5.)

and conclusions, and we decline Speed's invitation to reweigh that evidence.

Affirmed.

ROBB, J., and MATHIAS, J., concur.