No. 11,232.

## SHARP ET AL. *v.* MOFFITT, ADMINISTRATOR, ET AL.

JUDGMENT.—*Relief From.—Excusable Neglect.—Attorney's Negligence.*—The neglect of an attorney to plead a valid and proper defence, or to attend the trial, either intentionally or through forgetfulness, and his failure for like reasons to notify his client of the time of trial, whereby a judgment is wrongfully obtained against the client, furnishes no ground for relief against the judgment.

SAME.—The inadvertence, mistake or neglect of an attorney affords no ground for relief against a judgment unless it would have been excusable if imputed to the client.

From the Fountain Circuit Court.

*A. A. Rice* and *M. M. Milford,* for appellants.

*I. E. Schoonover,* for appellees.

NIBLACK, J.—On the 14th day of February, 1881, Samuel Moffitt commenced an action in the court below against William M. Sharp and Mary A. Sharp, his wife, upon a promissory note payable to the plaintiff, and purporting to have been signed by both of the defendants.

During the progress of the cause Moffitt died, and Daniel L. Moffitt, as his administrator, was substituted as plaintiff.

After summons was served upon the defendants, Mrs. Sharp, through her husband, employed a competent attorney to make a special defence to the action in her behalf. At the proper time this attorney appeared to the action for both of the defendants, and answered in general denial, and payment. Issue being joined, the cause was afterwards tried by the court, and on the 20th day of May, 1881, judgment was rendered against both of the defendants for $505.35, and costs of suit. After the close of the term an execution was issued on the judgment and levied upon a tract of land belonging to Mrs. Sharp, which was advertised to be sold on the 6th day of August, 1881. On the 1st day of this last named month this suit was commenced against the execution plaintiff and Thomas Rinn, the sheriff of Fountain county, to temporarily restrain the

Sharp *et al. v.* Moffitt, Administrator, *et al.*

sale of the land and to have the judgment, as against Mrs. Sharp, set aside, and a new trial ordered as to her, upon the ground of inadvertence and excusable neglect on her part.

The complaint charges that when Mrs. Sharp signed the note she was, as she still is, a married woman; that her attorney, when he was employed, was instructed to plead her coverture as a separate and special defence to the action, which he promised to do; that he, said attorney, advised her, through her said husband and agent, that her defence was complete, and that she need have no uneasiness as to the result of the action so far as it might affect her; that her said attorney, upon whom alone she relied in her defence, also promised to notify her of the time at which the cause might be set for trial; that he, said attorney, either purposely, or from gross neglect, or forgetfulness, not only failed to plead her coverture, but failed to notify her of the time of trial, by reason whereof she was not present at the trial and did not learn that the cause had been tried until after the term at which the trial took place had closed; that her said attorney was also not present at the trial, and by reason of his negligence and inattention to the cause, no defence was, in fact, made for her at the trial.

The circuit court sustained a demurrer to the complaint, and the defendants had final judgment upon demurrer. This appeal, consequently, presents only the question of the sufficiency of the complaint.

Freeman on Judgments, at section 112, says: "The neglect of an attorney or agent is uniformly treated as the neglect of the client or principal, except in New York. A default will not be opened because the attorney had prepared a demurrer, but had failed to file it by reason of his miscalculating the time when it was due; neither will relief be granted because the attorney forgot the day and time for trial. And, in general, no mistake, inadvertence, or neglect, attributable to the

attorney, can be successfully used as a ground for relief, unless it would have been excusable if attributable to the client."

Weeks on Attorneys, at section 294, states the rule as to the neglect of attorneys, considered with reference to the other side of a cause, in similar language, and then proceeds: "But usually the rule is, that where an attorney is employed in a cause, the fact that his client is not in fault, and that judgment goes against him through the laches or bad faith of the attorney, will furnish no ground of relief. The acts and omissions of the attorney. in such a case are those of the client. The attorney is the agent of the party employing him, and in court stands in his stead. This is the rule, unless there be some fraudulent combination or collusion between the attorney and the other side."

Amongst the many cases cited as sustaining the doctrine announced as above, is the case of *Spaulding* v. *Thompson*, 12 Ind. 477, which has been cited approvingly in the subsequent cases of *Frazier* v. *Williams*, 18 Ind. 416, and *Phelps* v. *Osgood*, 34 Ind. 150. The inexcusable negligence of Mrs. Sharp's attorney being directly charged, and hence conceded, in this case, it must be held that the negligence so charged and conceded was attributable to her, and that she is, consequently, not entitled to the relief demanded by the complaint.

The judgment is affirmed, with costs.

Filed March 26, 1884.