MR. AND MRS. CHARLES F. HEWES v. W. B. WOLFE

MR. AND MRS. CHARLES F. HEWES v. HUGH W. JOHNSTON

No. 8427SC749

(Filed 21 May 1985)

**1. Process § 19— abuse of process—sufficiency of complaint**

Plaintiffs' complaint alleging that, through an action for misuse of partnership assets, defendants maliciously filed notices of *lis pendens* and notices of lien on property owned by plaintiffs "for the purpose of injuring and destroying the credit business of the plaintiffs and in general to oppress the plaintiffs" stated a claim for abuse of process.

**2. Process § 19— abuse of process—sufficiency of evidence**

Plaintiffs' evidence was sufficient for the jury in an action against defendant attorney for abuse of process in filing notices of liens and *lis pendens* on property owned by plaintiffs in an action in which defendant represented plaintiffs' opponents where it tended to show that defendant told plaintiffs that he was "going to ruin everything you've got if I can," that defendant said he would "get" the plaintiffs, and that defendant refused a request for assurances that additional liens would not be filed with regard to a proposed construction project by the male plaintiff which was unrelated to any business transactions with defendant's clients.

**3. Witnesses § 9— excluding testimony on redirect**

The trial court did not err in excluding redirect testimony similar to testimony already given by the witness on direct examination.

**4. Process § 19— abuse of process—competency of evidence**

In an action against defendant attorney for abuse of process in filing notices of lien and *lis pendens* against property owned by plaintiffs in an action in which defendant represented plaintiffs' opponents, the trial court properly admitted notices of liens filed by defendant, evidence relevant to damages incurred by plaintiffs because of the liens and *lis pendens*, and evidence tending to show defendant's motive and misuse of judicial process.

**5. Trial § 11— jury argument—refusal to permit reading of irrelevant statute and case**

The trial court in an action for abuse of process properly refused to permit defense counsel to read to the jury during closing argument a statute and a portion of a case opinion which involved principles of law that were irrelevant to the case at issue and had no application to the facts in evidence.

**6. Process § 19— abuse of process—court's statement of evidence**

In an action against defendant attorney for abuse of process in filing notices of lien and *lis pendens* against property owned by plaintiffs in an action in which defendant represented plaintiffs' opponents, evidence tending to

show that defendant researched the law prior to filing notices of lien and *lis pendens* was fairly stated to the jury by the trial court, and the court did not err in failing to summarize evidence as to specific statutes and cases which defendant researched.

**7. Process § 19— abuse of process—punitive damages**

Plaintiffs' evidence was sufficient to support an inference that defendant attorney's filing of notices of lien and *lis pendens* against plaintiffs' property on behalf of his clients was motivated by malice, a reckless indifference or willfulness so as to support submission of a punitive damages issue where it tended to show that defendant made statements to plaintiffs that he would "ruin everything" they had and would "get" them, and that defendant refused a request for assurances that additional liens would not be filed on a proposed construction project unrelated to any business transaction with defendant's clients.

**8. Rules of Civil Procedure § 13— claim not compulsory counterclaim**

Plaintiffs' claim for abuse of process in filing notices of lien and *lis pendens* in a prior action brought by defendants against plaintiffs alleging misuse of and failure to account for partnership assets did not arise "out of the transaction or occurrence that was the subject matter" of the prior action and was not a compulsory counterclaim which had to be asserted in that action. G.S. 1A-1, Rule 13(a) and (e).

**9. Process § 19— liability of client for liens filed by attorney**

Defendant was liable for abuse of process in the filing of notices of liens and *lis pendens* by his attorney in an action against plaintiffs where the attorney made malicious remarks to plaintiffs in defendant's presence that he would "ruin everything" plaintiffs had and would "get" plaintiffs; defendant had the liens filed, and was asked to remove them; and defendant never repudiated his attorney's statements nor told him to remove the liens.

APPEALS by defendant Wolfe and defendant Johnston from *Owens, Judge.* Judgment entered 7 February 1984 in Superior Court, GASTON County. Heard in the Court of Appeals 11 March 1985.

This civil action for abuse of process arose from an earlier suit in which defendant Johnston acted as attorney for Mr. and Mrs. Wolfe in an action alleging misuse of, and failure to account for, partnership assets by Charles Hewes. Two weeks after the complaint was filed, the Wolfes filed a notice of *lis pendens* on property owned by Mr. and Mrs. Hewes. The Hewes admitted the existence of a partnership with the Wolfes, but denied all other allegations and counterclaimed for certain monies allegedly due them from partnership projects and from services performed by Hewes Construction Company for the partnership. Defendant

Johnston, on behalf of the Wolfes, then filed notices of lien on property in two subdivisions, alleging that the properties were purchased by the Hewes with partnership funds. He also filed a notice of lien on property owned by Woodrow F. Laye and wife, alleging that partnership materials had been used by Mr. Hewes in construction of their dwelling. A subsequent lien was filed on property owned by the Hewes as tenants by the entirety seeking to have the property declared partnership property. The trial court ordered that the notices of lien and *lis pendens* be cancelled, and on appeal this Court held that the trial court had properly cancelled the notices of lien and *lis pendens. Wolfe v. Hewes,* 41 N.C. App. 88, 254 S.E. 2d 204, *disc. rev. denied,* 298 N.C. 206 (1979). The Hewes then filed suit against Mr. and Mrs. Wolfe and defendant Johnston, claiming their acts of filing notices of lien and *lis pendens* in the partnership action constituted an abuse of process. Defendant Johnston responded with a third-party complaint against the Hewes and their attorneys, claiming that the abuse of process action against him was itself an abuse of process. The trial judge dismissed his third-party complaint and on appeal the dismissal was affirmed. *Hewes v. Johnston,* 61 N.C. App. 603, 301 S.E. 2d 120 (1983).

The abuse of process suits against Mr. and Mrs. Wolfe and Johnston were consolidated for trial. The trial court with the Hewes' consent granted a directed verdict in favor of Mrs. Wolfe, but denied motions for directed verdicts made by defendant W. B. Wolfe and defendant Johnston. At the conclusion of the evidence, issues were submitted to the jury and answered as follows:

1. Did the Defendant W. B. Wolfe abuse the judicial process of the Court in the action instituted against the Plaintiffs . . . by having notices of lis pendens and notices of lien filed in that action?

ANSWER: Yes

2. If the answer to Issue No. 1 is yes, what amount of compensatory damages are Plaintiffs entitled to recover of the Defendant W. B. Wolfe?

ANSWER: $25,000.00

3. What amount of punitive damages, if any, does the jury in its discretion award to the Plaintiffs against the Defendant W. B. Wolfe?

ANSWER: -0-

4. Did the Defendant Johnston abuse the judicial process of the Court in the action the Defendant W. B. Wolfe instituted against the Plaintiffs . . . by having notices of lis pendens and notices of lien filed in that action?

ANSWER: Yes

5. If the answer to Issue No. 4 is yes, what amount of compensatory damages are Plaintiffs entitled to recover of the Defendant Johnston?

ANSWER: $25,000.00

6. What amount of punitive damages, if any, does the jury in its discretion award to the Plaintiffs against the Defendant Johnston?

ANSWER: $15,000.00

Judgment was entered upon the verdict from which defendants appealed.

*Parker, Poe, Thompson, Bernstein, Gage & Preston, by William L. Rikard, Jr., and Sally Nan Barber, for plaintiff appellees.*

*Basil L. Whitener and Anne M. Lamm for defendant appellant Wolfe.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by Michael E. Weddington and Susan M. Parker, for defendant appellant Johnston.*

MARTIN, Judge.

Defendants bring forth assignments of error relating to the denial of their motions, instructions to the jury, evidentiary rulings, and the submission of the issue of punitive damages to the jury. We have examined each of the assignments and find no basis for reversal.

## I. JOHNSTON'S APPEAL

Defendant Johnston assigns error to the trial court's denial of his motions for a directed verdict and for judgment notwithstanding the verdict. Defendant Johnston's assignment is based on two contentions: (1) failure to state a claim of abuse of process, and (2) insufficiency of the evidence.

In order to state a claim for the tort of abuse of process, plaintiffs must sufficiently allege (1) an ulterior motive, and (2) an act in the use of the legal process not proper in the regular prosecution of the proceeding. *Stanback v. Stanback*, 297 N.C. 181, 254 S.E. 2d 611 (1979). The ulterior motive requirement is satisfied when the plaintiff alleges that the prior action was initiated by the defendant or used by him to achieve a purpose not within the intended scope of the process used. *Id.* The act requirement is satisfied when the plaintiff alleges that during the course of the prior proceeding, the defendant committed some wilful act whereby he sought to use the proceeding as a vehicle to gain advantage of the plaintiff in respect to some collateral matter. *Edwards v. Jenkins*, 247 N.C. 565, 101 S.E. 2d 410 (1958).

[1] Plaintiffs' amended complaint alleges that through the partnership action, defendants maliciously filed notices of *lis pendens* and notices of lien on property owned by plaintiffs "for the purpose of injuring and destroying the credit business of the plaintiffs and in general to oppress the plaintiffs." These allegations sufficiently allege an ulterior motive and a wilful act not proper in the regular course of defendants' civil proceeding, i.e., defendants allegedly filed the notices of *lis pendens* in order to coerce plaintiffs and to achieve a purpose for which *lis pendens* was never intended. "[O]ne who wantonly, maliciously, without cause, commences a civil action and puts upon record a complaint and a *lis pendens* for the purpose of injuring and destroying the credit and business of another" warrants the court to grant relief to the victim of such coercion through the tort of abuse of process. *Austin v. Wilder*, 26 N.C. App. 229, 233, 215 S.E. 2d 794, 797 (1975), *quoting Estates v. Bank*, 171 N.C. 579, 582, 88 S.E. 783, 784 (1916). Plaintiffs' complaint states a claim upon which relief may be granted.

[2] Defendant Johnston also contends that his motion for directed verdict should have been granted due to the insufficien-

cy of the evidence. This contention raises the question of whether the evidence, when considered in the light most favorable to the plaintiffs, is sufficient for submission to the jury. *Kelly v. Harvester Co.*, 278 N.C. 153, 179 S.E. 2d 396 (1971). Plaintiff offered evidence through the testimony of Charles Hewes that defendant Johnston told the Hewes, "I'm going to ruin everything you've got if I can," and that defendant Wolfe stated at an earlier trial that he had the liens filed in order to "cut off my [Hewes'] money." An attorney who represented the Hewes in the earlier civil action brought against them by the Wolfes stated that defendant Johnston said he would "get" the Hewes, and defendant Johnston also refused a request for assurances that additional liens would not be filed regarding a proposed construction project by Mr. Hewes which was unrelated to any business transaction with the Wolfes. While it is true that defendant Johnston's evidence denied the testimony of plaintiffs' witnesses, "such variance presented issues of fact for the jury and not solely questions of law for the court." *Ellis v. Wellons*, 224 N.C. 269, 272, 29 S.E. 2d 884, 886 (1944). The evidence was sufficient for submission to the jury; defendant Johnston's motions for a directed verdict and judgment notwithstanding the verdict were properly denied.

[3] Defendant Johnston, through several assignments of error, contends the trial court erred in various evidentiary rulings. First, on redirect examination defendant Johnston was not permitted to testify about his method of doing legal research; defendant contends his defense of a good faith effort to protect partnership property was thereby thwarted. We disagree. On direct examination, defendant Johnston testified regarding his method of research and the steps he took in determining a course of action for Mr. Wolfe and the partnership. He claims that exclusion of this same testimony on redirect examination prevented him from showing his good faith. "A trial court has discretionary power to exclude or limit the repetition of questions and answers, however proper such questions and answers may have been in the first instance." *Spivey v. Newman*, 232 N.C. 281, 285-86, 59 S.E. 2d 844, 848 (1950). Defendant Johnston has failed to demonstrate prejudicial error by this contention.

[4] Defendant Johnston's remaining evidentiary assignments of error assert error in the admission of a notice of lien filed on a house owned by one Frank Laye, a notice of lien filed on plain-

tiffs' residence, testimony as to attorney fees for legal work performed to acquire removal of the liens, testimony as to costs incurred by plaintiffs for a land survey and plat in seeking another construction project, testimony as to expenses incurred by Hewes in starting a new business, testimony as to the amount of a proposed construction contract with one Mrs. Whitworth which was prevented because of defendant Johnston's refusal to agree not to place a lien, and previous orders by trial judges reciting that the notices of lien were without statutory authority. We have carefully examined these assignments and find that they involve exhibits which contain the very matters constituting the misuse of judicial process, evidence which is relevant to damages incurred by plaintiffs because of the liens and *lis pendens*, and evidence tending to show defendant Johnston's motive and misuse of judicial process. The evidence was therefore relevant and admissible, and the assignments are overruled.

[5]   Next, defendant Johnston contends the trial court erred in precluding his counsel from reading to the jury, during closing argument, a portion of a statute and part of a case opinion. He argues that the jury, after hearing the law which he relied on, could have reasonably concluded his actions in filing the liens were based on a good faith effort to protect his client's interests. Arguments of counsel to the jury are within the discretion of the trial judge, and rulings regarding those arguments will not be disturbed in the absence of an abuse of discretion. *State v. Monk*, 286 N.C. 509, 212 S.E. 2d 125 (1975); *State v. Small*, 31 N.C. App. 556, 230 S.E. 2d 425 (1976), *disc. rev. denied*, 291 N.C. 715, 232 S.E. 2d 207 (1977). The statute defendant Johnston sought to read to the jury set forth a partner's right to insist that partnership assets be applied in payment of partnership debts, not the allowance of the filing of notices of lien and *lis pendens* against real property when the action does not affect title to the real property of the partnership; and the case which he sought to read to the jury involved an attorney's liability for abuse of process from the filing of a malpractice suit, not the misuse of judicial process after the institution of an action. As such, both involved principles of law which were irrelevant to the case and had no application to the facts in evidence. *See State v. Crisp*, 244 N.C. 407, 94 S.E. 2d 402 (1956). Therefore, the trial judge did not abuse his discretion

in sustaining plaintiffs' objections to portions of defendant Johnston's closing argument.

[6] Defendant Johnston also contends the trial court erred in failing to summarize for the jury evidence with regard to the specific statutes and cases which defendant Johnston researched prior to filing the liens. This assignment of error is without merit. In his summary of the evidence, the trial judge instructed the jury

[t]hat prior to filing liens and notices of lis pendens . . . Mr. Johnston did considerable research . . . . [H]e consulted the North Carolina Uniform Partnership Act and . . . he read numerous cases of the North Carolina Appellate Court.

Thus, the evidence tending to show that defendant Johnston researched the law prior to filing notices of lien and *lis pendens* was fairly stated to the jury. The jury was not precluded, as defendant Johnston contends, from finding a good faith effort on his behalf, nor was unequal emphasis placed on either party's contentions. The charge as a whole was adequate and free from prejudicial error.

[7] Defendant Johnston finally contends the trial court erred in submitting the issue of punitive damages to the jury due to insufficiency of the evidence. Punitive damages are allowable where a plaintiff has proved at least nominal damages and where an element of aggravation accompanying the tortious conduct causes the injury. *Oestreicher v. Stores*, 290 N.C. 118, 225 S.E. 2d 797 (1976); *Worthy v. Knight*, 210 N.C. 498, 187 S.E. 771 (1936). The aggravation element was early defined to include "fraud, malice, such a degree of negligence as indicates a reckless indifference to consequences, oppression, insult, rudeness, caprice, wilfulness . . . ." *Newton v. Insurance Co.*, 291 N.C. 105, 112, 229 S.E. 2d 297, 301 (1976). So long as there is "some fact or circumstance" in evidence from which one of these elements may be inferred, the issue of punitive damages is for the jury and not for the court. *Shugar v. Guill*, 304 N.C. 332, 340, 283 S.E. 2d 507, 511 (1981).

Applying these principles of law to the facts of this case, we believe that the evidence presented was sufficient to permit the jury reasonably to infer that defendant Johnston's actions were motivated by malice, a reckless indifference to consequences, or

wilfulness. Plaintiffs' evidence of motive contains statements by defendant Johnston to the Hewes that he would "ruin everything" they had and that he would "get" the Hewes. There was also evidence of defendant Johnston's refusal of a request for assurances that additional liens would not be filed on a newly proposed construction project unrelated to any business transaction with the Wolfes. The evidence is indicative of the filing, maliciously and falsely, of a document which clouded title and interfered with financing that caused injury. Defendant Johnston's actions possess the aggravation element necessary to submit the issue of punitive damages to the jury.

## II. WOLFE'S APPEAL

Defendant Wolfe first assigns error to the trial court's denial of his motions to dismiss. His motions were made pursuant to Rule 12(b)(6) and Rules 13(a) and (e) of the North Carolina Rules of Civil Procedure.

Defendant's Rule 12(b)(6) contention asserts that the complaint failed to allege any specific wrongful conduct on his part. The complaint alleges that defendant Wolfe filed the liens "for the purpose of injuring and destroying the credit business of the plaintiffs and in general to oppress the plaintiffs," and that he knew they were without legal basis. These allegations state an ulterior motive and a wilful act not proper in the regular course of the earlier legal proceeding, and therefore, defendant Wolfe's Rule 12(b)(6) motion to dismiss was properly denied.

[8] Defendant Wolfe next contends his motion to dismiss should have been granted pursuant to Rules 13(a) and (e). Defendant Wolfe argues that plaintiffs' claim for abuse of process should have been asserted as a compulsory counterclaim in the *Wolfe v. Hewes* action.

Rule 13(a) of the North Carolina Rules of Civil Procedure defines a compulsory counterclaim as follows:

[A]ny claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.

G.S. 1A-1, Rule 13(a). Rule 13(e) provides that "[a] claim which either matured or was acquired by the pleader after serving his pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading." G.S. 1A-1, Rule 13(e).

Plaintiffs' abuse of process claim does not arise "out of the transaction or occurrence that was the subject matter" of the *Wolfe v. Hewes* action. The *Wolfe v. Hewes* action claimed a diversion of partnership assets and sought a partnership accounting. Plaintiffs' abuse of process claim is that defendants for ulterior motives used the *Wolfe v. Hewes* action to file *lis pendens* and liens against plaintiffs' property. The two claims, while possessing similar factual bases, require different proof, and the Hewes by failing to plead the counterclaim will not be barred by res judicata from asserting their claim against the Wolfes and defendant Johnston. The claim for abuse of process was not a compulsory counterclaim which had to be asserted in the *Wolfe v. Hewes* action. This assignment of error is overruled.

[9] Defendant Wolfe further contends the trial court erred in denying his motions for directed verdict at the close of plaintiffs' evidence and at the close of all the evidence. This contention raises the issue of whether the evidence is sufficient for submission to the jury. *Kelly v. Harvester Co., supra.*

> A principal who authorizes a servant or other agent to institute or conduct such legal proceedings as in his judgment are lawful and desirable for the protection of the principal's interests is subject to liability to a person against whom proceedings reasonably adapted to accomplish the principal's purposes are tortiously brought by the agent.

Restatement (Second) of Agency § 253. In circumstances in which an attorney at law tortiously institutes or continues a civil proceeding or is guilty of oppressive or wrongful conduct during the course of the proceeding in order to enforce a claim of the principal, the principal is liable for the attorney's wrongful acts. *See id.*, comment (a). The record contains evidence of defendant Johnston's alleged malicious remarks made in defendant Wolfe's presence, and that defendant Wolfe had the liens filed. The record is clear that defendant Johnston was asked to remove the liens. Defendant Wolfe never repudiated defendant Johnston's statements nor told him to remove the liens. These actions manifest

wrongful conduct by defendant Johnston allegedly in order to "protect partnership property," and as such, defendant Wolfe may be held liable. This assignment of error is overruled.

Defendant's remaining assignments of error are similar, if not identical, to those of defendant Johnston. We have carefully reviewed them and find them to be without merit. For the reasons stated, the judgment of the trial court is

Affirmed.

Chief Judge HEDRICK and Judge WELLS concur.