**UNITED FARM BUREAU MUTUAL INSURANCE COMPANY, Appellant (Defendant Below),**

v.

**Thomas J. GROEN, Appellee (Plaintiff Below),**

**and**

**Frank J. Pekofski, Appellee (Defendant Below).**

**No. 3–785A196.**

Court of Appeals of Indiana, Third District.

Dec. 17, 1985.

Rehearing Denied Feb. 7, 1986.

Mark L. Phillips, Newby, Lewis, Kaminski & Jones, LaPorte, for appellant.

Ronald P. Nelson, Valparaiso, Frank J. Pekofski, Gary, for appellee.

STATON, Presiding Judge.

██ United Farm Bureau Mutual Insurance Company (Farm Bureau) brings this interlocutory appeal from the denial of Farm Bureau's motion for summary judgment in an action for negligence and abuse of process filed by Thomas J. Groen. The single issue [1] with which we are faced on review is whether the trial court erred in holding that Farm Bureau is liable to Groen for the torts of Farm Bureau's attorney which resulted in an improper default judgment being rendered against Groen.

We affirm.

Farm Bureau retained attorney Frank J. Pekofski to pursue subrogation claims which Farm Bureau referred to Pekofski from time to time. Those cases were handled by Pekofski on a contingent fee basis. Pursuant to this arrangement Pekofski filed suit in the name of Farm Bureau's insured, James Elkins, against Thomas Groen to collect on a claim arising from an automobile accident. A default judgment was rendered in that suit though Groen was apparently never served. Pekofski forwarded a copy of the default judgment to the Bureau of Motor Vehicles and Groen's driver's license was suspended. Later, Groen was arrested for driving while suspended.

Groen challenged the default judgment and it was set aside and declared void due to lack of jurisdiction over Groen. The criminal charges were subsequently dismissed as well.

Groen filed suit against Elkins and Pekofski and by amended complaint added Farm Bureau in a claim for damages for gross negligence and abuse of process. Farm Bureau moved for summary judgment on the ground that it could not be vicariously liable for the actions of Pekofski who was an independent contractor. The trial court denied Farm Bureau's motion, holding that there was a substantial issue of material fact, and explaining in an accompanying memorandum that Pekofski was an agent of Farm Bureau and any acts or omissions of Pekofski were those of Farm Bureau.

When this Court reviews the denial of a motion for summary judgment we must determine if there exists any genuine issue of material fact and any doubt about the existence of a genuine issue of material fact must be resolved against the moving party. *Ogilvie v. Steele* (1983), Ind.App., 452 N.E.2d 167, 169. We will affirm if the prevailing party is entitled to judgment as a matter of law. *Integrity Insurance Co. v. Lindsey* (1983), Ind.App., 444 N.E.2d 345, 347. In the proceedings at bar the only question is whether the trial court properly applied the law in determining that a client could be liable to a third party

1. In its reply brief Farm Bureau urges us to disregard Groen's Appellee's Brief for being untimely filed. Ind.Rules of Procedure, Appellate Rule 8.1(C) does not mandate such a result, nor does precedential authority. *See Brown v. Montgomery* (1955), 125 Ind.App. 395, 125 N.E.2d 37. We decline Farm Bureau's invitation.

for the tortious acts of the client's attorney.

The parties rely upon two distinct lines of authority in support of their positions. Farm Bureau cites personal injury cases in which a contractee sought to avoid liability for injuries caused by the negligence of an independent contractor. Representative of this line of authority is *Burkett v. Crulo Trucking Co., Inc.* (1976), 171 Ind.App. 166, 355 N.E.2d 253, a wrongful death action in which a trucking company was found not liable for a death caused by a truck driver who worked as an independent contractor for the company.

Our First District wrote:

"Where a non-servant agent (independent contractor) has caused harm by his negligent physical activities, the doctrine of *respondeat superior* is not applicable to make the principal liable to a third person.

    \*     \*     \*     \*     \*     \*

Burkett's case against Crulo was founded on the incorrect premise that a showing of agency alone, without an additional showing of a master-servant relationship, would bring the doctrine of *respondeat superior* into play."

355 N.E.2d at 261 and 262.

Groen, on the other hand, depends upon a line of cases which hold that an attorney is the agent of his client with regard to specific litigation and the client will be bound by the acts or omissions of the attorney. *See Mid-States Aircraft Engines, Inc. v. Mize Co., Inc.* (1984), Ind.App., 467 N.E.2d 1242 (attorney's statement during a dismissal hearing constituted an admission of the client); *City of Evansville v. Nelson* (1964), 245 Ind. 430, 199 N.E.2d 703 (a client who waived reading of charges waived alleged deficiencies therein and is bound by the acts or non-acts of his attorney and cannot accept the benefits thereof and reject the undesirable acts or non-acts).

Neither line of authority precisely addresses the unique situation in which the client is sought to be held liable to a third person for the actions of his attorney. The parties agree that an attorney is generally considered the agent of his client. *Mid-States Aircraft Engines, Inc., supra; Solar Sources, Inc. v. Air Pollution Control Bd.* (1980), Ind.App. 409 N.E.2d 1136. There the agreement ends, however, with Farm Bureau insisting that the absence of a master-servant relationship precludes Farm Bureau's liability and Groen claiming that Indiana has rejected the independent contractor distinction in the attorney-client setting.

An attorney representing a client is not a party to the litigation, he acts on behalf of and in the name of the client. The attorney is the agent of the party employing him, and in court stands in his stead. *Ferrara v. Genduso* (1938), 214 Ind. 99, 14 N.E.2d 580, 581 (citing *Sharp v. Moffitt* (1884), 94 Ind. 240, 242). The attorney has by virtue of the retainer or employment alone, the general implied authority to do on behalf of the client all acts in or out of court necessary or incidental to the prosecution or management of the suit or defense or the accomplishment of the purpose for which he was retained. 7A *CJS Attorney & Client* § 191. Indiana courts have held that in the absence of fraud by the attorney the client is bound by the action of his attorney even though the attorney is guilty of gross negligence. *State v. Dubois Circuit Court* (1968), 250 Ind. 38, 233 N.E.2d 177, 178. The negligence of an attorney is the negligence of his client. *International Vacuum, Inc. v. Owens* (1982), Ind.App., 439 N.E.2d 188, 190.

A case not cited by Groen addresses an issue similar to the issue involved in this case. In *Brutus v. Wright* (1975), 163 Ind.App. 366, 324 N.E.2d 165 a taxpayer brought suit against a local school board. On appeal the taxpayer challenged the propriety of an award to the school board for expenses occasioned by delay which necessitated a continuance. The taxpayer contended that any sanctions should be against his attorney who caused the delay. This Court rejected that argument, holding that the act of the attorney is the act of the client and thus, such

expenses may properly be taxed to a litigant for the acts of his counsel. 324 N.E.2d at 172. We find this situation more closely analogous to the case at bar than the personal injury cases cited by Farm Bureau which hold that general contractors or owners are generally not liable for injuries caused by the negligence of independent contractors hired by the general contractor or owner. *See e.g., Johns v. New York Blower Co.* (1982), Ind.App., 442 N.E.2d 382; *Perry v. Northern Ind. Pub. Serv. Co.* (1982), Ind.App., 433 N.E.2d 44; *Allison v. Huber, Hunt & Nichols, Inc.* (1977), 173 Ind.App., 41, 362 N.E.2d 193. Because of the close identity of an attorney with the client he represents, we hold that neither the absence of a master-servant relationship nor the characterization of the attorney as an independent contractor is a bar to liability of the client for the torts of the attorney acting within the scope of his authority. *See Hewes v. Wolfe* (1985), 74 N.C.App. 610, 330 S.E.2d 16 (where attorney tortiously institutes or continues civil proceedings or is guilty of oppressive or wrongful conduct during course of proceeding in order to enforce claim of client, client is liable for attorney's wrongful acts); *Racoosin v. LeSchack & Grodensky* (1980), N.Y.Sup., 103 Misc.2d 629, 426 N.Y.S.2d 707 (utility liable for damages for willful interference with property where judgment against customer for unpaid utility bills was later declared void for lack of jurisdiction over customer); *Flight Kitchen, Inc. v. Chicago Seven-Up Bottling Co.* (1974), 22 Ill.App.3d 558, 317 N.E.2d 663 (corporate defendant liable for acts of attorney who wrongfully ordered levy against plaintiff's property to enforce judgment rendered on behalf of defendant).

The trial court's denial of Farm Bureau's motion for summary judgment is affirmed.

GARRARD, J., concurs with opinion;

HOFFMAN, J., concurs and concurs in concurring opinion of GARRARD, J.

GARRARD, Judge, concurring.

I concur in the majority's conclusion in this case but find the "non-servant agent (independent contractor)" analysis set forth in *Burkett v. Crulo Trucking Co.* (1976), 171 Ind.App. 166, 355 N.E.2d 253, 261 confusing and unhelpful.

Professor Seavey's analysis[1] classifies "any one who acts for, or contracts with, the principal other than as a servant [as] an independent contractor."

However, he then makes an additional distinction between independent contractors who are agents and *those who are not:*

"In other words, there are two kinds of independent contractors—those who are agents and those who are not. Included in the group of independent contractors who are agents are attorneys, auctioneers, brokers, factors and other similar persons who conduct transactions for the principal."

*Seavey,* p. 8.

The question is not so much whether the definition is right or wrong. Is it helpful? In the context here, the question is whether the attorney was an agent for purposes of *respondeat superior.* He was. It seems to me that whether he might be deemed a species of independent contractor in some broader form of analysis is superfluous.

---

**1.** Seavey, *Law of Agency* (1964), Section 6, relied upon in *Burkett.*