Donald F. STRUTZ, Appellant
(Defendant Below),

v.

Jay R. ROBINSON, Jr., C.P.A. Appellee
(Plaintiff Below).

No. 02A03–8904–CV–169.

Court of Appeals of Indiana,
Third District.

Aug. 27, 1990.

Arthur H. Gemmer, Indianapolis, for appellant.

Joseph M. Johnson, Devoss, Scott, Johnson & Baker, A Professional Corporation, Decatur, for appellee.

STATON, Judge.

Donald F. Strutz appeals an adverse judgment in an action for accounting services rendered. We rephrase the sole issue which we address on appeal as follows:[1]

> Whether an action on an oral guaranty is barred by the statute of frauds.

We reverse.

Donald F. Strutz (Strutz) is a beneficiary of eight trusts (the Strutz trusts) which claim an interest in two oil refining partnerships. Through their trustee, the trusts filed an action for an accounting (the underlying action), alleging that the trusts holding the remaining interest in the partnerships had misused certain partnership funds to the detriment of the Strutz trusts. To aid in the prosecution of the underlying action, it became necessary to retain the services of an accountant. Ernest Beal (Beal), the attorney for the Strutz trusts, approached Strutz, who was apparently orchestrating the underlying action, and indicated the need for an accountant. Strutz assented to the employment of an accountant and replied that "he would take care of" the bill.

Beal retained the services of Jay R. Robinson, Jr (Robinson). Although Robinson knew that the plaintiffs, and therefore his clients, were the Strutz trusts, he understood that he was to be paid by Strutz himself. In fact, all of the expenses of litigation were borne by Strutz. Robinson had extensive communications with Strutz, was given instructions by Strutz, and kept records of his work in Strutz' name.

Robinson returned his opinion that several, if not all, of the claims had no merit, and on the basis of that opinion, several counts of the complaint were not pursued at trial. The Strutz trusts were not successful at trial, and Robinson was never paid for his work. He brought this action to recover payment for his services. Judgment was rendered for Robinson on the basis of Strutz' oral promise to pay for the accounting services in the amount of $4,993.80.

Our scope of review on appeal of a general judgment requires us to sustain the judgment on any theory consistent with the evidence. We will neither reweigh the evidence nor rejudge the credibility of the witnesses. *Picadilly, Inc. v. Colvin* (1988), Ind., 519 N.E.2d 1217, 1221.

Strutz contends on appeal that Robinson's action was an action on guaranty, which was barred by the statute of frauds. In response, Robinson argues that the complaint was phrased in the terms of a strict contract theory, all the elements of which were proved at trial. We agree with Strutz.

An attorney acts as an agent of his client. *United Farm Bureau Mutual Insurance Co. v. Groen* (1985), Ind.App., 486 N.E.2d 571, 573, *transfer denied.* As such, he possesses the general implied authority to do on behalf of the client all acts in or out of court necessary or incidental to the prosecution or management of the suit. *Id.* Here, Beal had the authority to retain Robinson on behalf of his client. The undisputed testimony at trial established that Beal was the attorney for the trusts, not Strutz. Thus, a contract was formed be-

---

1. Strutz raises five issues on appeal. Since our treatment of the first is dispositive, we do not reach the remaining four issues.

tween Robinson and the trusts through the agreement between Beal and Robinson. If Strutz was to be held liable on the agreement, it must have been on the basis of the oral guaranty of payment. This was apparently the basis of the trial court's judgment, because it made findings that Strutz engaged Beal to represent the trustee, orally authorized the employment of Robinson's services, and promised to pay for them.

■ A guaranty is an independent contract by which the guarantor undertakes in writing and upon a sufficient consideration to be answerable for the debt, or the performance of some duty, of another person or entity who is primarily liable for performance or payment. *McEntire v. Indiana National Bank* (1984), Ind.App., 471 N.E.2d 1216, 1223, *transfer denied.* Assuming *arguendo* that there was in fact an agreement that Strutz pay for Robinson's services, and that there was sufficient consideration to support that agreement, this action still must fail, because Robinson was unable to produce a memorandum sufficient to satisfy the statute of frauds.

Indiana's statute of frauds provides in relevant part:

No action shall be brought in any of the following cases: ...

Second. To charge any person, upon any special promise, to answer for the debt, default or miscarriage of another;
....

Unless the promise, contract or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized....

IND.CODE 32–2–1–1 (Supp.1990). The guaranty in this case is a "special promise, to answer for the debt ... of another." As such, it is within the statute and must be in writing in order for Robinson to successfully maintain an action upon it. He has produced no writing. Thus, we are unable to identify any theory consistent with the evidence which will enable us to affirm the judgment.

There was evidence introduced at trial that Robinson performed his task adequately, and that his fees were reasonable. In fact, testimony established that his fees were considerably lower than the prevailing price for the services rendered. Nevertheless, he did not receive the payment which he certainly deserved. Although we might speculate, the record does not reveal the tactical reasons which prompted Robinson to sue Strutz rather than the trusts. Because he has chosen to bring an action against Strutz, we are compelled to find against him.

Perhaps this case is one of the infrequent instances where a rule of law has failed to reach the most equitable result. More likely, it serves to illustrate the maxim that it is wise to put collateral "understandings" into writing, rather than entrust them to the integrity (or lack thereof) of our business associates. It is our function to apply the law, not to be a failsafe for those who decline to follow this prudent but oft forgotten maxim.

This cause is reversed and remanded with instructions to enter judgment for the defendant.

CONOVER, J., concurs.

GARRARD, J., dissents with separate opinion.

GARRARD, Judge, dissenting.

I certainly agree that if the trusts employed the attorney and accountant, this action against the cestui que trust would fail.

However, in this case the trial court determined on the evidence that the real party in interest and actual employer was Strutz. Since we are not at liberty to reweigh the evidence to reach a different conclusion, the judgment should be affirmed.

I, therefore, dissent.