**Donald F. STRUTZ, Appellant (Defendant Below),**

v.

**Jay R. ROBINSON, Jr., C.P.A., Appellee (Plaintiff Below).**

No. 02S03–9103–CV–220.

Supreme Court of Indiana.

March 21, 1991.

Arthur H. Gemmer, Indianapolis, for appellant.

Joseph M. Johnson, Devoss Scott Johnson & Baker, Decatur, for appellee.

ON PETITION TO TRANSFER

KRAHULIK, Justice.

Jay R. Robinson, Jr., C.P.A., (Plaintiff–Appellee) petitions this Court to transfer this cause from the Indiana Court of Appeals. The Allen Superior Court, after a trial to the court, entered judgment in favor of Robinson and against Donald F. Strutz (Defendant–Appellant), finding that Strutz was directly indebted to Robinson for C.P.A. services rendered to the trustee of Strutz's family trusts. The Court of Appeals, in a split decision, reversed the judgment based on its holding that Robinson had contracted with the trustee and not

directly with Strutz. Therefore, reasoned the majority in its opinion, Strutz could only be held liable to Robinson on the basis of an oral guaranty of payment and that such liability cannot be enforced because of Indiana's statute of frauds. *Strutz v. Robinson* (1990), 558 N.E.2d 896. We accept transfer, vacate the opinion of the Court of Appeals, and affirm the judgment of the trial court.

■ While Strutz delineates several issues presented for review in his appellant's brief, all of such issues can be summarized as follows:

Whether the trial court's judgment is supported by sufficient evidence.

In making this determination, we will view the facts most favorably to support the judgment and will sustain the judgment on any theory consistent with the judgment. *Picadilly, Inc. v. Colvin* (1988), Ind., 519 N.E.2d 1217, 1221; *City of Indianapolis v. Pollard* (1960), 241 Ind. 66, 72, 169 N.E.2d 405, 408.

The facts most favorable to sustaining the judgment are that Robinson received a telephone inquiry from attorney Ernest M. Beal, who asked if he, Robinson, were willing to work for Beal's client, Strutz, to help in an on-going lawsuit. Robinson agreed and received a follow-up letter from Beal in which Beal directed Robinson to send his billings to Beal "so that we may insure that our client pays for same." The letter did not specifically identify the referenced client. After receiving the letter and beginning performance of the accounting services, Robinson was invited by Strutz to a dinner meeting during which Strutz explained to Robinson what he should look for in reviewing certain accounting records. Following the dinner meeting, Robinson had "a couple" of additional telephone conferences with Strutz and received correspondence from Strutz regarding the lawsuit.

After the completion of the services, Robinson directly billed Beal with a statement captioned "Re Donald F. Strutz". Additionally, Strutz telephoned Robinson regarding the bill, apologized for not pay-

ing more promptly and stated that he'd "be paying it very shortly."

In further support of the judgment, the evidence reveals that during a conversation between Strutz and his attorney Beal concerning the employment of Robinson, Strutz told Beal not to worry about how Robinson would be paid because he, Strutz, would "take care of it." Finally, Beal testified that all expenses of the litigation were borne by Strutz "for the benefit of the plaintiff" trusts.

■ In view of this evidence, the trial court's judgment that Strutz must pay Robinson for the accounting services rendered in support of the trusts' lawsuits must be affirmed. The Court of Appeals analyzed the legal relationships between the parties as constituting a contract between the trusts and Robinson with Strutz orally promising to pay for such services. The Court of Appeals further reasoned that Strutz's promise was a guaranty of the debt owed by the trusts to Robinson. On that basis, the Court of Appeals held that Indiana's statute of frauds, Ind.Code § 32-2-1-1 (Supp.1990), requires a "writing" in order for Robinson to successfully maintain his action against Strutz as guarantor. Finding no "writing" in the evidence, the Court of Appeals reluctantly reversed the judgment.

We believe that the judgment is sustainable on the basis that Robinson and Strutz entered into a direct contract for employment, albeit for the benefit of the trusts, and that their contractual relationship did not create a guaranty which would invoke the statute of frauds. The complaint and the evidence adduced at trial proved a direct contractual relationship between Strutz and Robinson by which Strutz employed, counselled with, and directed the performance of Robinson's work. Even though the trusts were the beneficiary of this contract, the direct parties to the contract, at all times, were Strutz and Robinson. There was no evidence in this case that Robinson was bringing an action which would invoke the Indiana's statute of frauds. In other words, Robinson was not bringing an action "to charge any person,

upon any special promise, to answer for the debt, default or miscarriage of another." Ind.Code § 32–2–1–1 (Supp.1990). Strutz did not promise to answer for the debt of the trusts, but directly contracted with Robinson to perform services for the benefit of the trusts. The trial court correctly determined on the evidence that the real party in interest and actual employer was Strutz. The evidence is sufficient to support this finding and to affirm the judgment in favor of Robinson.

Transfer is granted. The opinion of the Court of Appeals is vacated, and the judgment of the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.