Frank MIRKA and Bessie Mirka,
Appellants–Plaintiffs,

v.

FAIRFIELD OF AMERICA, INC. and
Craig V. Braje, Appellees–
Defendants.

No. 46A03–9306–CV–190.

Court of Appeals of Indiana,
Third District.

Jan. 12, 1994.

Rehearing Denied April 12, 1994.

Stephan A. Kray, LaPorte, for appellants-plaintiffs.

James W. Kaminski, Newby, Lewis, Kaminski & Jones, LaPorte, Donald W. Pagos, Sweeney, Dabagia, Donoghue, Thorne, Janes and Pagos, Michigan City, for appellees-defendants.

GARRARD, Judge.

Frank and Bessie Mirka (Mirkas) appeal the trial court's grant of judgment on the pleadings in favor of defendants Fairfield of America, Inc. (Fairfield) and Craig V. Braje (Braje).

The facts in this case reveal that on June 19, 1992, plaintiffs Frank and Bessie Mirka filed suit against defendants Fairfield and Braje in LaPorte Superior Court alleging that defendants had negligently initiated a civil suit against them. Specifically, Mirkas allege that defendants did not conduct a reasonable investigation in order to determine whether their action against the plaintiffs was supported by reasonable evidence.

On July 8 and 29, 1992 defendants, Braje and Fairfield respectively, filed motions to dismiss and motions for judgment on the pleadings. At a hearing held on October 10, 1992 both defendants orally withdrew their motions to dismiss. Defendants went forward on the motions for judgment on the pleadings and on March 8, 1993 the trial court granted these motions in favor of Braje and Fairfield.

■ Mirkas bring two issues before us on appeal which we consolidate and restate as: whether the trial court erred in granting defendants' motions for judgment on the pleadings.[1]

■ A party moving for judgment on the pleadings admits for purposes of the motion all facts well pleaded and the untruth of any of his own allegations which have been denied. *Claise v. Bernardi* (1980), Ind.App., 413 N.E.2d 609, 611. All reasonable intendments and inferences are to be taken against the movant. *Id.* When the pleadings present no material issues of fact, and the facts shown by the pleadings clearly entitle a party to judgment, a motion for judgment on the pleadings is appropriate. *Id.*

In this case Mirkas' complaint alleges negligence on the part of defendants in initiating a law suit against them. The pertinent portions of the complaint read as follows:

1. Without conducting a reasonable investigation to ascertain whether a claim for damages, costs, and attorney's fees was supported by fact, and without reasonable evidence to support the claim, Fairfield of America, Inc. acting through its agent Fred Dempsey and Craig V. Braje, as attorney for Fairfield of America, Inc. initiated civil suit against plaintiffs.

.   .   .   .   .

3. The suit falsely alleged that plaintiffs were husband and wife; and that plaintiffs breached a listing agreement with Fairfield of America, Inc. by making a contract with certain purchasers and pursuant to said contract, selling the property.

4. Plaintiffs were not and are not husband and wife, did not enter into a contract with certain purchasers to sell real estate, did not sell real estate, and consequently did not breach a listing agreement as falsely alleged by defendants.

5. As a proximate result of defendants' negligence, plaintiffs incurred the following losses:

   a. $4,500.00 defense legal expenses which resulted in the termination of the groundless lawsuit in plaintiffs' favor;

   b. $9,000.00 lost rental ($500.00 per month times 18 months);

   c. $6,000.00 lost rental ($1,000.00 per month times 6 months);

   d. $3,000.00 for taxes and utility service.

6. Plaintiffs further suffered emotional distress as a result of defendants' negligent filing of a groundless lawsuit.

7. In the event it is determined that defendants' conduct complained of demonstrates an utter indifference for plaintiffs' right not to be subjected to a groundless

---

1. Mirkas sued Fairfield under the theory that an attorney is the agent of the party employing him. *United Farm Bureau Mut. Ins. Co. v. Groen* (1985), Ind.App., 486 N.E.2d 571, 573. In the absence of fraud by the attorney, the client is bound by the actions of his attorney even though the attorney is guilty of gross negligence. *Id.*

The negligence of the attorney is the negligence of the client. *Id.* Mirkas' stated basis for liability on the part of Fairfield, therefore, depends upon a finding of liability on the part of its attorney, Braje. In this case we find that the attorney Braje is not liable and as a result Mirkas claim against Fairfield must also fail.

lawsuit, punitive damages ought to be assessed in addition to the prayed for compensatory damages.

■ Mirkas specifically allege negligence in this action. No other theory for recovery is advanced. The allegations made in this complaint are based in negligence and pray for punitive damages in the event that the conduct in question demonstrates an utter indifference to plaintiffs' right to be free from groundless lawsuits. Indiana, however, does not recognize a cause of action for negligent prosecution or negligent filing of a lawsuit. *Wong v. Tabor* (1981), Ind.App., 422 N.E.2d 1279, 1286.[2] The nearest cause of action recognized by Indiana courts under which plaintiffs' complaint may be brought is an action for malicious prosecution. *Id.* at 1283.[3]

■ The essential elements of malicious prosecution are well established. *Id.* Mirkas have the burden of proving (1) the defendant instituted, or caused to be instituted, a prosecution against the plaintiff; (2) the defendant acted maliciously in doing so; (3) the prosecution was instituted without probable cause; and (4) the prosecution terminated in the plaintiff's favor. *Id.; Strutz v. McNagny*

(1990), Ind.App., 558 N.E.2d 1103, 1106–07, *trans. denied.* However, on the face of their complaint, Mirkas have nowhere alleged the required malice or wrongful motive that is necessary in order to maintain an action against defendants.

■ Mirkas assert that count seven of the complaint, set out above, demonstrates that they have alleged willful and wanton misconduct on the part of defendants. First, willful and wanton misconduct is not the same as malice. Second, count seven does not use these words, but rather states that in the event that the evidence demonstrates "utter indifference" to plaintiffs' rights, plaintiffs' request punitive damages. This is not an independent basis for liability, but rather asks for punitive damages *in addition to* compensatory damages if the evidence shows that defendants acted in this manner.[4]

■ In addition, while our cases have held that malice can be inferred from a culpable omission to make a suitable and reasonable inquiry in the underlying action, *People's Bank & Trust Co. v. Stock* (1979), 181 Ind.App. 483, 392 N.E.2d 505, 510, the failed inquiry must be *culpable*.[5] The required lev-

---

**2.** In addition, other courts have summarily rejected any contention that an attorney may be liable to an adverse party under a general negligence theory. *See Wong, supra* at 1283 n. 4 (and cases cited therein).

**3.** As this court noted in *Wong, supra* at 1281 n. 2, malicious prosecution usually refers to suits brought in response to the wrongful prosecution of a criminal matter. This case may be more properly referred to as a cause of action for wrongful use of civil proceedings. *Id.* However, since the elements of the two torts are essentially the same, we will refer to this case under its more common name of malicious prosecution. *See also Willsey v. Peoples Federal Sav. and Loan Ass'n of East Chicago* (1988), Ind.App., 529 N.E.2d 1199, 1205 n. 4, *trans. denied.*

**4.** If "utter indifference" entitles Mirkas to punitive damages and if, as Mirkas allege, "utter indifference" is functionally the same as malice, a necessary element of the underlying suit, we cannot see why every plaintiff who prevails in an action for malicious prosecution would not also be automatically entitled to punitive damages. In addition, Mirkas' request for punitive damages is based upon their understanding that punitive damages require an *additional* showing of "utter indifference." Mirkas therefore assert, perhaps unwittingly, in their own complaint that a show-

ing of utter indifference is in addition to the basic elements of their case and cannot therefore be the same as one of those elements.

**5.** At least one other case, *F.W. Woolworth Co., Inc. v. Anderson* (1984), Ind.App., 471 N.E.2d 1249, 1254, *trans. denied,* has noted that malice may be inferred from the failure to conduct a reasonable or suitable investigation. To the extent that *F.W. Woolworth* implies that no culpability (malice in this context) is required before a failure to reasonably investigate can be considered evidence of malice, we disagree. A mere failure to make a reasonable investigation smacks of negligence. The use of the word "reasonable" betrays this. To allow negligence to serve as evidence of malice in a cause of action for malicious prosecution is to, as a practical matter, create a cause of action for negligent prosecution. That would allow through the back door that which we have refused to allow through the front door. Any allegation that a defendant has failed to reasonably investigate, therefore, before it can be considered to be evidence of malice, must be linked to evidence that the failure was done with the required level of culpability—here malice. Standing alone a mere failure of this sort cannot allege the necessary intent.

This is consistent with our interpretation of the probable cause element of malicious prosecution.

el of culpability in this case is, of course, malice. While Mirkas have alleged that defendants failed to make a reasonable investigation into the facts underlying the original action, they do not allege that this was done maliciously nor do they allege facts which would support such a finding. If all of the facts in plaintiffs' complaint are taken as true, therefore, no malice can be established and defendants cannot be held liable under this theory. In this case it was appropriate for the trial court to enter a judgment on the pleadings.

Mirkas next suggest that we should recognize a new theory based on negligence in order to discourage bringing groundless lawsuits against innocent defendants. We decline their invitation and find that there are sufficient avenues already in existence for dealing with frivolous and vexatious lawsuits.[6] In addition, we find no reason to

overturn this court's reasoning in *Wong, supra*. To create liability only for negligence, for the bringing of a weak case, would be to destroy an attorney's efficacy as advocate of his client and his value to the court, since only the rare attorney would have the courage to take other than the easy case. *Wong, supra* at 1286.

For the foregoing reasons, the judgment of the trial court is affirmed.

HOFFMAN and BAKER, JJ., concur.

We have previously held that lack of probable cause cannot be based upon a negligent failure to investigate thoroughly. *McCullough v. Allen* (1983), Ind.App., 449 N.E.2d 1168, 1171; *Wong, supra* at 1289.

**6.** For example, IC 34–1–32–1 arms a trial court with the ability to award attorney's fees as part of the costs to the prevailing party where it finds that either party has brought a frivolous, unreasonable, or groundless action or defense.