BROWN *v.* ROBERTSON ET AL.

[No. 18,052.   Filed June 15, 1950.]

*Stoops & Stoops,* of Indianapolis, for appellant.

*Earl R. Cox* and *L. Russell Newgent,* both of Indianapolis, for appellees.

WILTROUT, J.—Appellant filed his complaint seeking damages. Appellees' demurrer thereto for want of facts was sustained. Appellant refused to plead further, and judgment was rendered for appellees, that they recover their costs and that appellant take nothing.

Appellees contend that the cause of action attempted to be pleaded is one for a malicious prosecution, while appellant takes the position that it is for the kindred, though less common, action for malicious abuse of process.

If the action is one for malicious prosecution, there is no serious contention that the court committed error

in sustaining the demurrer. There is no allegation in the complaint that the prosecution has terminated in appellant's favor, and this is essential in an action for malicious prosecution. *Boyd* v. *Hodson* (1947), 117 Ind. App. 296, 72 N. E. 2d 46; *Duckwall* v. *Davis* (1924), 194 Ind. 670, 675, 142 N. E. 113.

The complaint alleges that appellant and his wife own property in Indianapolis, which he uses as a slaughter house for slaughtering horses and processing horse meat which he sells, and that he has been so engaged since 1941. The location of the property is described, as is the use of nearby property, including that of the appellees. It is stated that appellee Barb owns a number of vacant lots nearby, upon which he desires to build and that said appellee told appellant of his desire and also told him that no one would want to buy the lots because of the business operated by appellant; that "in furtherance of the desires and designs of the defendants (appellees) aforesaid" they enlisted the aid of a certain civic group by attending meetings, talking to individual members thereof, disseminating information and statements to the effect that appellant was violating the county zoning laws in operating his business, which information and statements were untrue and false.

The complaint further alleges that the appellee Robertson with the aid, advice, and insistence of appellee Barb "in furtherance of their mutual desires and designs aforesaid" signed an affidavit alleging the commission by appellant and his wife of acts creating a public nuisance; that as a result thereof appellant and his wife were arrested and it will be necessary for them to defend such action; "and that said affidavit and arrest was executed, to stop plaintiff (appellant) from continuing a lawful business of occupation." It

is pleaded that appellant's real estate "is and was unrestricted of any and all planning and zoning laws;" "That the arrest of plaintiff as aforesaid stated, was instigated by malice aforethought;" "and that such arrest of plaintiff is a malicious prosecution, brought about, encouraged, started and instituted by a wrongful and malicious abuse of process, by the defendants aforesaid." The complaint does not negative appellant's guilt of the offense charged in the affidavit, nor aver that the prosecution has terminated.

While there are numerous decisions by courts of other states, the appellate courts of Indiana have seldom had occasion to consider actions for damages for the abuse of legal process.

In *Whitesell* v. *Study* (1906), 37 Ind. App. 429, 76 N. E. 1010, it was claimed that the complaint stated a cause of action for malicious abuse of process. This court quoted from Cooley, *Torts* (2d ed.) 220, 221, (4th ed.) § 131, p. 434:

> "If process, either civil or criminal, is wilfully made use of for a purpose not justified by the law, this is abuse for which an action will lie . . . It is enough that the process was wilfully abused to accomplish some unlawful purpose."

In affirming the judgment rendered following the sustaining of a demurrer to the amended complaint in that case it was noted, among other things, that it did not appear from the complaint that anything was done under the process not warranted by its terms, nor that anything was done in excess of what was warranted.

> "The distinctive nature of an action for abuse of process, as compared with an action for malicious prosecution, is that the former lies for the improper use of process after it has been issued, not for maliciously causing process to issue. Where

the matter complained of concerns the issuance of process, the action is either strictly or by analogy one for malicious prosecution. In this category are included actions for the malicious institution of criminal proceedings, the wrongful and malicious procurement of attachment or other process of seizure, and the institution of bankruptcy proceedings. In such cases it is, for obvious reasons, generally held that want of probable cause and the existence of malice in procuring the issuance of the process, as well as a termination favorable to the plaintiff, are essential to the maintenance of the action. But where the thing complained of is not that issuance of the process was wrongfully procured, but that, having been issued, it was wilfully perverted, so as to accomplish a result not commanded by it or lawfully obtainable under it, the action has been denominated by well-considered cases as one for the abuse of process." 1 Am. Jur., Abuse of Process, § 3, p. 176. See also Comment Note, 80 A. L. R. 580.

A regular and legitimate use of process, though with an ulterior motive or bad intention is not a malicious abuse of process. *Whitesell* v. *Study, supra;* 1 Am. Jur., Abuse of Process, § 6, p. 178; Cooley, *Torts* (4th ed.), § 131, p. 434.

At 1 Am. Jur., Abuse of Process, § 6, p. 178, it is stated: "It would seem both from authority and from reason that to sustain the action two elements are essential, (1) the existence of an ulterior motive, and (2) an act in the use of process other than such as would be proper in the regular prosecution of the charge." The decisions in general recognize this rule: *Keithley* v. *Stevens* (1909), 238 Ill. 199, 87 N. E. 375; *McClenny* v. *Inverarity* (1909), 80 Kan. 569, 103 Pac. 82; *Saliem* v. *Glovsky and Fogg* (1934), 132 Me. 402, 172 Atl. 4; *Gabriel* v. *Borowy* (1949), 324 Mass. 231, 85 N. E. 2d 435; *Glidewell* v. *Murray-Lacy* (1919), 124 Va. 563, 98 S. E. 665, 4

A. L. R. 225; *Spear* v. *Pendill* (1911), 164 Mich. 620, 130 N. W. 343; *Ingalls* v. *Christopherson et al.* (1908), 21 S. D. 574, 114 N. W. 704; *Crews* v. *Mayo* (1913), 165 Cal. 493, 132 Pac. 1032; *Ellis* v. *Wellons* (1944), 224 N. C. 269, 29 S. E. 2d 884; *Hoppe* v. *Klapperich* (1947), 224 Minn. 224, 28 N. W. 2d 780, 173 A. L. R. 819.

The mere fact of arrest and detention under a lawful warrant, without any act amounting to misuse or oppression, is not an abuse of process. *MacLean* v. *Naumkeag Trust Co.* (1929), 268 Mass. 437, 167 N. E. 748; *Nelson* v. *National Casualty Co.* (1929), 179 Minn. 53, 228 N. W. 437, 67 A. L. R. 509.

The complaint in this case fails to contain a single averment that any process was used for any purpose except the purpose for which the law intended it should be used, and which would be proper in the regular prosecution of the charge.

The demurrer was properly sustained.

Affirmed.

NOTE.—Reported in 92 N. E. 2d 856.