CASSIDY *v.* CAIN ET AL.

[No. 669A97.  Filed November 5, 1969.  Rehearing denied November 26, 1969.  Transfer denied March 16, 1970.]

*Henry A. Hoover, George T. Patton,* of South Bend, for appellant.

*John T. Mulvihill, Thomas L. Murray, Thornburg, McGill, Deahl, Harman, Carey & Murray,* of South Bend, for appellees.

SHARP, J.—The Plaintiff-Appellant, Hugh E. Cassidy, filed his Complaint in two legal paragraphs on August 23, 1963. The essential allegations of Paragraph I are:

"Plaintiff complains of defendants, jointly and severally, and for his first legal paragraph of complaint, alleges and states:

1. That on the 25th day of August, 1960, and for many years prior thereto and continuously from said date to the date of the filing of this Complaint, the plaintiff was a doctor of optometry registered and certified by the Indiana State Board of Registration and Examination in Optometry, an administrative board of the state of Indiana, to practice optometry within the state of Indiana.

2. That on the 25th day of August, 1960, the plaintiff applied to the Clerk of Lake County, Indiana for a license to practice optometry within Lake County, Indiana, and thereafter on said date plaintiff was issued a license to practice optometry within Lake County, Indiana by the Clerk of Lake County, Indiana.

3. That subsequent to the issuance of such license, the plaintiff engaged in the practice of optometry in the City of Gary, county of Lake, state of Indiana, from on or about the 25th day of August, 1960 to on or about the 6th day of September, 1961.

4. That on or about the 19th day of November, 1960, the defendants maliciously and wilfully conspired and confederated to secure the revocation of plaintiff's said certificate and license to practice optometry, to accuse him of the commission of crimes, to deprive him of his means of livelihood, to force him to leave Lake County, Indiana wherein he was engaged in the practice of optometry, to impugn his professional abilities, to bring him into public disgrace, and otherwise to injure his reputation and professional standing.

5. That on or about the 25th day of December, 1960, as a part of the said conspiracy and confederation of the defendants against the plaintiff, a proceeding was commenced and prosecuted against the plaintiff upon the petition of defendant Kenneth J. Thomas before the Indiana State Board or Registration and Examination in Optometry, entitled *Kenneth J. Thomas, Chairman of the Ethics Committee of the Northwest Indiana Optometric Society of the Indiana Optometric Association, Inc.* v. *Hugh E. Cassidy,* in which said proceeding the plaintiff was charged with the commission of crimes, the unlawful practice of optometry, and unprofessional conduct in his practice of optometry, and which said proceeding sought the revocation by the Indiana State Board of Registration and Examination in Optometry of the plaintiff's said certificate and license to practice optometry.

6. That the Indiana State Board of Registration and Examination of Optometry heard the proceeding to revoke the plaintiff's said certificate and license to practice optometry and found the plaintiff guilty of each and every allegation made against him by defendant Kenneth J. Thomas, and on the 16th day of February, 1961 the said state board on the basis of its findings against the plaintiff of guilty as charged ordered and determined that plaintiff's said certificate and license to practice optometry should be and were

suspended for a period of six (6) months from and after such date.

7. That the plaintiff thereafter filed a petition before the Circuit Court of Lake County, Indiana for judicial review of the said order and determination of the Indiana State Board of Registration and Examination in Optometry, which judicial review terminated with a judgment by such court sustaining the action of the state board in suspending the plaintiff's said certificate and license to practice optometry for a period of six (6) months.

8. That plaintiff thereafter appealed such judgment of the Circuit Court of Lake County, Indiana to the Supreme Court of Indiana, which appeal terminated with a decision of the Supreme Court of Indiana, filed on the 26th day of June, 1963, reversing the judgment of the Circuit Court of Lake County, Indiana as being contrary to law and further ordered the Circuit Court of Lake County, Indiana to enter judgment for plaintiff and against the Indiana State Board of Registration and Examination of Optometry and against Kenneth J. Thomas, Chairman of the Ethics Committee of the Northwest Indiana Optometric Society of the Indiana Optometric Association, Inc.

9. That in furtherance of their said conspiracy and confederation against the plaintiff, the defendants committed or caused the commission of the following acts, to-wit:

a. That the defendants maliciously and without probable cause were responsible for the institution, prosecution and continuation of the said proceeding to secure the revocation of the plaintiff's said certificate and license.

b. That defendant Edward J. Cain and defendant Donald W. Conners sat as members of the Indiana State Board of Registration and Examination in Optometry and heard and determined the guilt of the plaintiff as raised and presented by the said proceeding, and subsequent to such hearing and determination joined in the order of said state board suspending the plaintiff's said certificate and license to practice optometry.

c. That defendant H———F. Garton, although a member of the Northwest Indiana Optometric Society of the Indiana Optometric Association, Inc., the petitioner formally seeking revocation of plaintiff's said certificate and license by the said proceeding, sat as a member of the Indiana State Board of Registration and Examination in Optometry and heard and determined the guilt of the plaintiff as raised and presented by the said proceeding, and subsequent to such hear-

ing and determination joined in the order of said state board suspending the plaintiff's said certificate and license to practice optometry.

d. That defendant Robert G. Corns, also a member of the Northwest Indiana Optometric Society of the Indiana Optometric Association, Inc., the petitioner formally seeking revocation of plaintiff's said certificate and license to practice optometry, as well as an appointed member of the Indiana State Board of Registration and Examination in Optometry, actively participated in the hearing and prosecution of the said proceeding over the objection of the plaintiff after having previously testified therein as a witness against the plaintiff, despite his announced intention not to sit as a member of the said state board in judgment of the charges levied against the plaintiff in the said proceeding.

10. That the plaintiff was compelled to and did become liable for the payment of large sums of money for attorney fees and other expenses in making his defense to the said proceedings instituted, prosecuted and continued by the defendants and in the pursuit of his appeals to and through the Supreme Court of Indiana.

11. That in consequence of the said proceedings instituted, prosecuted and continued by the defendants, the facts, details and testimony elicited in said proceedings before the Indiana State Board of Registration and Examination in Optometry and the resulting suspension of his said certificate and license to practice optometry by said state board and the fact and details of the subsequent proceedings before the Circuit Court of Lake County, Indiana and the Supreme Court of Indiana were published in several newspapers through the state of Indiana, and the plaintiff was thereby humiliated, forced to abandon his residence and said practice of optometry in Lake County, Indiana, and his reputation and professional standing were otherwise injured and damaged."

Paragraph II alleged:

"For his second legal paragraph of complaint against the defendants, jointly and severally, the plaintiff alleges and states:

1. That the plaintiff herein incorporates by reference rhetorical paragraphs numbered 1, 2, 3, 4, 5, 6, 7, and 8 of the first legal paragraph of his complaint.

2. That in furtherance of their said conspiracy and confederation against the plaintiff, the defendants committed or caused the commission of the following acts, to-wit:

a. That the defendants maliciously and without probable cause were responsible for the institution, prosecution and continuation of the said proceeding to secure the revocation of the plaintiff's said certificate and license.

b. That defendant Edward J. Cain and defendant Donald W. Conners sat as members of the Indiana State Board of Registration and Examination in Optometry and heard and determined the guilt of the plaintiff as raised and presented by the said proceeding, and subsequent to such hearing and determination joined in the order of said state board suspending the plaintiff's said certificate and license to practice optometry.

c. That defendant H——F. Garton, although a member of the Northwest Indiana Optometric Society of the Indiana Optometric Association, Inc., the petitioner formally seeking revocation of plaintiff's said certificate and license by the said proceeding, sat as a member of the Indiana State Board of Registration and Examination in Optometry and heard and determined the guilt of the plaintiff as raised and presented by the said proceeding, and subsequent to such hearing and determination joined in the order of said state board suspending the plaintiff's said certificate and license to practice optometry.

d. That defendant Robert G. Corns, also a member of the Northwest Indiana Optometric Society of the Indiana Optometric Association, Inc., the petitioner formally seeking revocation of plaintiff's said certificate and license to practice optometry, as well as an appointed member of the Indiana State Board of Registration and Examination in Optometry, actively participated in the hearing and prosecution of the said proceeding over the objection of the plaintiff after having previously testified therein as a witness against the plaintiff, despite his announced intention not to sit as a member of the said state board in judgment of the charges levied against the plaintiff in the said proceeding.

e. That the proceeding commenced and prosecuted against the plaintiff before the Indiana State Board of Registration and Examination in Optometry was maliciously and wilfully instituted, prosecuted and continued by the defendants to accomplish a purpose not justified by law in furtherance of their aforesaid conspiracy and confederation against the plaintiff.

3. That plaintiff herein incorporates by reference rhetorical paragraphs numbered 10 and 11 of the first legal paragraph of his complaint."

On December 3, 1968 the Defendants-Appellees filed a Demurrer to both paragraphs of the Complaint contending neither stated facts sufficient to constitute a cause of action. The trial court sustained the Demurrer to Paragraph I and overruled it as to Paragraph II.

Thereafter, on March 11, 1969, Defendants-Appellees filed a Motion for Summary Judgment as to Paragraph II, which stated:

> "Come now all the defendants, jointly and severally, and move this Court for a summary judgment in their favor and against the plaintiff, Hugh E. Cassidy, for the reason that the pleadings herein, clearly establish that there exists no genuine issue as to any material fact in this action and that the defendants, jointly and severally, are entitled to a judgment as a matter of law for the reason that plaintiff failed to initiate and institute his cause of action sounding in Abuse of Process within the statutory period so provided under Indiana Statute, and as a result thereof, the plaintiff's alleged claim is forever barred."

The trial court granted this Motion for Summary Judgment.

The assignment of errors here alleges error in sustaining the Demurrer and granting summary judgment.

There are two questions to be considered: (a) Does the Appellant's Complaint state a cause of action for malicious prosecution, and, (b) When does the statute of limitations commence to run on an action for civil abuse of process?

The able trial judge in ruling on the Demurrer and Motion for Summary Judgment has followed the commendable practice of filing a written statement of his reasons for so ruling, and citing authority. The opinion reflects extensive research by the trial judge and is helpful to this court in deciding this case.

The elements of malicious prosecution are well stated in *Boyd* v. *Hodson*, 117 Ind. App. 296, 301, 72 N. E. 2d 46, 48 (1947), where this court said:

> "The Supreme Court has said that in an action for malicious prosecution the plaintiff must prove that (1) the

defendant instituted the prosecution or caused it to be instituted; (2) he acted maliciously in so doing; (3) there was no probable cause for instituting it; and (4) the prosecution was terminated in the plaintiff's favor."

See also *Dwyer* v. *McClean,* 133 Ind. App. 454, 175 N. E. 2d 50 (1961). With reference to proceedings before an administrative board, § 680 of Restatement of Torts states:

"One who initiates or procures the initiation of civil proceedings against another before an administrative board which has power to take action adversely affecting the legally protected interests of the other, is subject to liability for any special harm caused thereby, if

(a) the proceedings are initiated
    (i)  without probable cause to believe that the charge or claim on which the proceedings are based is well founded, and
    (ii)  primarily for a purpose other than that of securing appropriate action by the board, and
(b) the proceedings have terminated in favor of the person against whom they are brought."

Comment (b) thereto states:

"b. In order that the rules stated in this Section shall be applicable, the proceedings must be before an administrative board having the power to impose penalties upon or to take other action adversely affecting the legally protected interests of the person against whom they are brought. Thus, the initiation of proceedings to revoke another's license to carry on his business or profession falls within the rule stated in this Section if the board has the power to revoke or to suspend the license of the person against whom the proceedings are brought. The same is true where the board has the power to impose a fine.

The fact that the action of the board is subject to review by a court is immaterial, except in this, that if the appeal is taken by the person bringing the proceedings, the proceedings are not terminated in favor of the person against whom they are brought until the appeal is determined in the latter's favor. Furthermore, in accordance with the rule stated in § 674, Comment e, a decision adverse to the person against whom the proceedings are brought is conclusive of

probable cause even though subsequently reversed on appeal."

As to the existence of probable cause § 675 of the Restatement of Torts states:

"One who initiates civil proceedings against another has probable cause for so doing if he reasonably believes in the existence of the facts upon which his claim is based, and

(a) reasonably believes that under such facts the claim may be valid at common law or under an existing statute, or

(b) so believes in reliance upon the advice of counsel given under the conditions stated in § 666.

Comment b. Effect of termination in favor of the person against whom the proceedings were brought. *As in the case of the initiation of criminal proceedings, a decision by a competent tribunal in favor of the person initiating civil proceedings is conclusive evidence of probable cause. This is so although it is reversed upon appeal and finally terminated in favor of the person against whom the proceedings were brought (see § 667 (1) and the Comments thereon).* Likewise, a termination of civil proceedings by a competent tribunal adverse to the person initiating them is not evidence that they were brought without probable cause (see § 667 (2), and the Comments thereon)." (emphasis added)

In this case the determination of the administrative decision against the Plaintiff-Appellant was conclusive on the issue of probable cause even though subsequently reversed by the Supreme Court of Indiana. See *Cassidy* v. *Indiana State Board of Registration and Examination in Optometry et al.,* 244 Ind. 137, 191 N. E. 2d 492 (1963). Thus, probable cause was present as a matter of law and the Appellant has failed to allege one of the essential elements of malicious prosecution as stated in *Boyd* v. *Hodson, supra.* This lack of an element was clearly on the face of Plaintiff-Appellant's Complaint in this case. Therefore, the trial court was correct in sustaining the demurrer to Paragraph I of Appellant's Complaint.

There is no Indiana case explicitly deciding when the statute of limitations commences to run on an action for abuse of civil process. In contrast to malicious prosecution an action for abuse of civil process does not require favorable termination in favor of the plaintiff or to prove lack of probable cause. Prosser on Torts, 2d ed., p. 964, § 100.

The parties agree that a cause of action for abuse of process is one to "injuries done to person or character" within the first part of Burns' Indiana Statutes Annotated, § 2-602, and hence the two year limitation applies. The only question is when the two year period commences to run.

The cause of action for abuse of process is complete as soon as the acts complained of are committed. 72 C.J.S., *Process*, § 124(c), p. 1199.

In *Moore* v. *Michigan National Bank,* 368 Mich. 71, 117 N. W. 2d 105 (1962), the Supreme Court of Michigan held that the cause of action for abuse of process arises upon the institution of the former action and the statute commences to run from that date. This rule is consistent with the weight of authority as collected in 1 A.L.R. 3d 953, and is the correct rule. In this case the first action was instituted against this Plaintiff-Appellant on December 25, 1960 and this action was not commenced until August 23, 1963. This action was therefore barred by the statute of limitations. Thus, the trial court was correct in granting Appellees' Motion for Summary Judgment as a matter of law.

Since the trial court was correct in both its rulings assigned as error here, the judgment should be and is affirmed. Costs v. Appellant.

Pfaff, C.J., and Hoffman, J., concur.

White, J., not participating.

NOTE.—Reported in 251 N. E. 2d 852.