**Phillips B. JOHNSON and/or Johnson & Eaton, Attorneys At Law, Appellants (Defendants Below),**

v.

**Eugene P. CORNETT, Appellee (Plaintiff Below).**

**No. 1–384A72.**

Court of Appeals of Indiana, First District.

Feb. 18, 1985.

Rehearing Denied March 19, 1985.

---

David C. Campbell, Robert D. MacGill, Bingham, Summers, Welsh & Spilman, Indianapolis, Phillips B. Johnson, Versailles, for appellants.

Michael Thomasson, Columbus, for appellee.

ROBERTSON, Judge.

Appellants Phillip B. Johnson and/or Johnson and Eaton (Johnson and Eaton), Attorneys at law, appeal a decision of the Ripley Circuit Court in favor of appellee Eugene P. Cornett (Cornett).

We affirm.

Cornett filed a complaint on January 25, 1982, alleging that Johnson and Eaton were guilty of legal malpractice while representing him in a dissolution decree and property settlement dispute. Johnson and Eaton filed a motion to dismiss which was granted on the basis that the alleged cause of action occurred more than two years before it was brought and was therefore barred by the applicable statute of limitations. Cornett then filed a motion to vacate judgment pursuant to Rule 60(B) of the Indiana Rules of Trial Procedure which was granted on January 24, 1983.

On appeal, we are concerned only with the substantive statute of limitations issue. The record shows that the trial court announced its dissolution order on December 31, 1979. However, the order was not signed until January 24, 1980. The question we must answer is which date started the running of the statute of limitations.

We agree with Cornett and maintain that the applicable statute of limitations did not begin to run until January 24, 1980, the date the dissolution decree was signed. According to *Shideler v. Dwyer*, (1981) 275 Ind. 270, 417 N.E.2d 281, the statute begins to run when the breaching act meets the damage. In *Shideler*, the accusation was that the will was improperly drafted but the statute of limitations did not run in an action for malpractice against the drafting attorney until all attempts at remedial action after the death of the testator had been exhausted. The court in that case held that the statute began to run at the moment of the testator's death since up until that time the will was ambulatory. At the point of the testator's death, the damage was done.

In this case, appellants maintain that the damage occurred when the trial court announced its intentions. However, the decision at that point could still be altered. In other words, the decision was not final. A trial court has broad latitude and up to the time a decision is final may re-think its position. *See, James v. Board of Commissioners of Hendricks County*, (1979) 182 Ind.App. 697, 396 N.E.2d 429. Thus, the court's initial pronouncement was completely ambulatory until January 24, 1980, the time it issued its final order.

Trial Rule 58 concerning entry of a judgment and Trial Rule 77 concerning Book and Records Kept by the Clerk, support this conclusion. These rules of procedure make it clear that a certain course of action must be adhered to before any court action has finality.[1]

---

1.          Trial Rule 58
         ENTRY OF JUDGMENT
Subject to the provisions of Rule 54(B), upon a general verdict of a jury, or upon a decision announced, the court shall promptly prepare and sign the judgment, and the clerk shall thereupon enter it. A judgment may be set forth on a separate document. Entry of the judgment shall not be delayed for the taxing of costs. Attorneys shall not submit forms of judgment except upon direction of the court, and these directions shall not be given as a matter of course. The judge failing promptly to cause judgment to be prepared, signed and entered as

In conclusion, we hold that the action for alleged mishandling of Cornett's divorce trial did not accrue until the entry of the final decree on January 24, 1980.

The judgment of the trial court is affirmed.

RATLIFF, P.J., and NEAL, J., concur.

provided herein may be compelled to do so by mandate.

Trial Rule 77

BOOKS AND RECORDS KEPT BY THE CLERK AND ENTRIES THEREIN

\* \* \* \* \* \*

(B) Civil docket. The clerk of the circuit court and the clerk serving a judge whose regular courtroom is located outside the courthouse or its environs shall keep a book known as "civil docket" of such form that the file number of each case or proceeding shall be noted on the folio of the docket whereon the first entry of the action is made. All papers filed with or transmitted to the clerk, all process issued and returns made thereon, all appearances, orders, verdicts, judgments, enforcement proceedings, executions and returns thereon shall be entered chronologically in the civil docket on the folio assigned to the action and shall be marked with its file number and the date of filing. *Such entries shall be brief but shall show the nature of each paper filed or writ issued and the bare substance of each order or judgment of the court* and of the returns showing execution of process. Each entry shall show the date the filing, return or entry was made, including the date a judgment or order was entered. When trial by jury has been properly demanded or ordered, the clerk shall enter the "jury" on the folio assigned to that action.