Pamela G. BASINGER, f/k/a Pamela G. Birkey, and Wesley Birky and Nila Berky, Husband and Wife, Plaintiffs–Appellants,

v.

James L. SULLIVAN, Defendant–Appellee.

No. 75A03–8804–CV–103.

Court of Appeals of Indiana, Third District.

June 27, 1989.

Lance D. Cline, Kathy A. Lee, Townsend Yosha & Cline, Indianapolis, for plaintiffs-appellants.

R. Kent Rowe, R. Kent Rowe, III, Rowe, Foley & Huelat, South Bend, for defendant-appellee.

GARRARD, Presiding Judge.

This case presents an extremely unfortunate chronicle of malpractice. The sole question before us on appeal is whether under the circumstances attorney James L. Sullivan should be held to respond for the damages suffered by plaintiffs (referred to collectively as Basingers). The trial court determined that he should not and entered summary judgment in his favor.

The undisputed facts may be briefly summarized. In 1977 a physician operated on Pamela, but performed surgery on the wrong knee. Subsequently, Basingers consulted Sullivan. On June 25, 1979 he filed a timely proposed complaint seeking the

opinion of a medical review panel pursuant to the medical malpractice act. *See* IC 16–9.5–9–1.

It then took nearly five years for the medical review panel to give its opinion. On March 12, 1984 it determined that the physician had committed malpractice. Pursuant to IC 16–9.5–9–1 Basingers had ninety days following receipt of that opinion within which to commence a civil action. No suit was filed within that time limit.

On July 5, 1984, after the tolling period had expired, Sullivan met with Basingers. He told them that he had missed the filing date. He also told them that he felt a basis existed for still pursuing the claim against the physician through a declaratory judgment action. He advised them that they could sue him for his mistake and that he had insurance to pay for the claim. (For purposes of reviewing the summary judgment we credit Basingers' asserted understanding that Sullivan told them they could sue him if the declaratory judgment action did not succeed.)

After leaving this meeting Basingers consulted another attorney, Charles Nightingale, to discuss the problem raised by Sullivan. Nightingale advised them that he could not pass on the particulars of the problem but that Sullivan was a good lawyer and they should follow his advice. Nightingale apparently agreed to determine whether he would be willing to take the case against Sullivan but that question was not further pursued.

Basingers then authorized Sullivan to proceed and he commenced an action against the physician on August 23, 1984. Summary judgment in that case was granted against Basingers on January 2, 1985. Sullivan promptly advised Basingers of that ruling but requested they do nothing until he conferred with counsel in Indianapolis.

On February 11, 1985 Sullivan wrote to Basingers stating in salient part:

As I indicated to you in my letter of January 7, 1985, Judge Matsey ruled

against us and entered summary judgment in favor of Malayter. As I related to you by telephone, my own evaluation of our chances of having the Indiana Court of Appeals reverse Judge Matsey's decision is no better than 50–50. This opinion was also confirmed by an attorney in Indianapolis with whom I conferred.

\* \* \* \* \* \*

It is incumbent upon me to advise you that if you wish to exercise your rights and file a claim against me, that my insuror is St. Paul Fire and Marine Insurance Company, P.O. Box 3097, South Bend, Indiana 46619. If at this time you desire to file a claim, it would be my suggestion that the claim be marked to the attention of R.J. Stonebrecker, at the above address. It is my understanding that before St. Paul would become actively involved in any dispute, they must receive a written notice of a claim by the claimant.

At that juncture nearly a year and a half remained within which a malpractice action might be commenced against Sullivan.

Shortly thereafter, probably in March or April 1985, Basingers contacted a Chicago, Illinois attorney who is identified only as Mr. Goldberg about pursuing a claim against Sullivan. The particulars of that relationship do not appear in the record. No civil action was commenced by Mr. Goldberg and in June or July 1986 the Basingers again met with Mr. Goldberg. At that time he advised them that he, too, might have missed a limitation deadline, this time concerning Mr. Sullivan.

Basingers then employed present counsel who commenced this action against Sullivan on August 21, 1986.

On February 2, 1988 the trial court granted summary judgment and this appeal followed.

■ Basingers first argue that suit was not barred by IC 34–1–2–2(1),[1] the applica-

---

1. IC 34–1–2–2(1). The following actions shall be commenced within the periods herein prescribed after the cause of action has accrued,

and not afterwards: (1) For injuries to person or character, for injuries to personal property,

ble statute of limitations, because their malpractice claim against Sullivan did not accrue until January 2, 1985 when the court entered summary judgment in the declaratory judgment action.

By its terminology the statute commences to run when the cause of action is complete. Basingers' claim against the physician was a chose in action. *Apple v. Hall* (1980), Ind.App., 412 N.E.2d 114. The elements of a claim for legal malpractice (negligence) have been described as (1) employment of the attorney which creates a duty; (2) failure of the attorney to exercise ordinary skill and knowledge (the breach); proximate cause, and injury to the plaintiff resulting in damage. *Bailey v. Martz* (1986), Ind.App., 488 N.E.2d 716; *Fiddler v. Hobbs* (1985), Ind.App., 475 N.E.2d 1172. (Admittedly, on July 5, 1984 Basingers knew suit had not been commenced within the tolling period of IC 16–9.5–9–1.)

Basingers argue that their action had not accrued until January 2 because they suffered no damages until then. They urge that *Johnson v. Cornett* (1985), Ind.App., 474 N.E.2d 518 supports their position.

We are constrained to disagree. The argument confuses the distinction between the occurrence of damage and the amount of the damage.

*Johnson* was a suit for legal malpractice alleged to have occurred while Johnson was representing Cornett "in a dissolution decree and property settlement dispute." The opinion does not advise us of the alleged conduct upon which the suit was premised.

The case went to the First District on the question of whether the statute of limitations commenced to run when the judge announced his intentions from the bench or when judgment was entered on the record. The court recognized *Shideler v. Dwyer* (1981), 275 Ind. 270, 417 N.E.2d 281 as controlling and held the limitation period began to run when the judgment was entered because until that moment the court was free to rethink its position. 474 N.E.2d at 519. Presumably the suit in-

volved conduct occurring during the dissolution trial, but that is no more than conjecture. The case can really be read to hold no more than that the court considered the judgment as not complete until it was entered of record. *See*, however, *State v. Bridenhager* (1971), 257 Ind. 544, 276 N.E.2d 843.

*Shideler, supra,* is much closer to the point. The claimed malpractice there was in the drafting of a will. The question involving the statute of limitations was whether the statute began to run when the testator died or not until the probate court construed the will against the beneficiary plaintiff. The court rejected plaintiff's argument that she was not damaged until the will was construed and ordered summary judgment in favor of the defendants. Noting the distinction between damage as an element of the tort and damages as the measure of compensation, the court stated:

> For a wrongful act to give rise to a cause of action and thus to commence the running of the statute of limitations, it is not necessary that the extent of the damage be known or ascertainable but only that damage has occurred.

Perhaps this distinction can also be illustrated in another fashion. Where legal malpractice is claimed for an attorney's failure to commence an action within the period of limitations it is generally held that one of the necessary ultimate proofs for a recovery of damages is that a recovery would have been had if the suit had been properly brought. *See, e.g., National Wrecking Co. v. Spangler, J.D. & D* (7th Cir.1986), 782 F.2d 101; *Sanders v. Townsend* (1987), Ind.App., 509 N.E.2d 860; annot. 90 A.L.R.3d 293. Can it then be contended that the limitation period does not commence to run on the attorney's negligence until plaintiff's right to recovery on the original claim has been judicially established? Clearly, the answer is no. To permit such reasoning would for all practical purposes preclude the statute from ever commencing to run.

The injury and the damage (whatever it may be) occurred to Basingers' chose in

and for a forfeiture or penalty given by statute, within two years.

action against the physician when the limitation period expired without suit having been commenced. At that point the value, if any, of the chose in action was damaged and injury occurred. Without question the limitation period then began to run at least by July 5, 1984 when Basingers were notified that this had occurred.

■ Basingers alternatively contend that IC 34–1–2–9 extended the two year limitation on their claim against Sullivan so that the statute did not commence to run until they received the letter of February 11, 1985. Thus, they claim the action commenced on August 21, 1986 was timely. In addition they assert that if IC 34–1–2–9 is inapplicable then the equitable doctrine of concealment or continuing wrong make their complaint timely. It is necessary to treat these arguments separately.

IC 34–1–2–9 provides:

If any person liable to an action shall conceal the fact from the knowledge of the person entitled thereto, the action may be commenced at any time within the period of limitation after the discovery of the cause of action.

The concealment necessary to trigger the operation of this section has long been defined as follows:

It must appear that some trick or artifice has been employed to prevent inquiry or elude investigation, or calculated to mislead and hinder the party entitled from obtaining information, by the use of ordinary diligence, that a right of action exists; or it must appear that the facts were misrepresented to or concealed from the party, by some positive acts or declarations, when inquiry was being made or information sought....

Stone v. Brown (1888), 116 Ind. 78, 81, 18 N.E. 392; French v. Hickman Moving & Storage (1980), Ind.App., 400 N.E.2d 1384; State ex rel. Bd. of Comm'rs. v. Jackson (1913), 52 Ind.App. 254, 100 N.E. 479.

Furthermore, even though we are considering summary judgment, the burden of avoiding operation of the statute of limitations rested upon Basingers, and that included the burden of showing that they exercised reasonable care and diligence.

Keystone Distribution Park v. Kennerk, Dumas, B.B.L. & S. (1984), Ind.App., 461 N.E.2d 749, 751.

Clearly, on July 5, 1984 Sullivan told Basingers that he had missed the ninety day deadline and that they had a potential claim against him personally. Assuming they took this to mean they could sue him if the declaratory judgment failed, there is no reasonable inference that he perpetrated any trick or artifice in order to prevent inquiry or elude investigation or to mislead or hinder Basingers from obtaining information. Indeed, upon leaving his office they went to attorney Nightingale where the possibility of suing Mr. Sullivan was mentioned but was apparently not subsequently discussed or pursued. The record thus also fails to establish a basis for concluding that Basingers demonstrated their exercise of reasonable care and diligence following the meeting of July 5, 1984.

We therefore are forced to conclude that IC 34–1–2–9 does not apply to forestall the running of the two year statute of limitations.

■ In the alternative we are urged that equity should provide relief on the theory of concealment or continuing wrong. The basis for equitable intervention was set forth in Guy v. Schuldt (1956), 236 Ind. 101, 138 N.E.2d 891, after the court determined that IC 34–1–2–9 had no application to the medical malpractice statute of limitations.

We agree that equity is available to claims such as Basingers'. We believe that the interests of society are best served where an injured party can litigate his or her claim against what may be imprecisely referred to as the real wrongdoer, the person or entity actually causing the injuries. Had Mr. Sullivan been able to pursue the physician to a determination on the merits of Basingers' claim, the public policy would have been advanced. On the other hand, equity will not permit counsel to escape his own liability under such circumstances on the ground that the statute of limitations on a client's claim for legal malpractice has expired while he was pursuing some alternative theory which he had persuaded the clients might yet save the day.

The problem with applying those theories in this case is that equity will only provide relief during the period that the plaintiff is equitably disabled. That is to say, equity supplies what equity requires. *Spoljaric v. Pangan* (1984), Ind.App., 466 N.E.2d 37, 44–45.

Here it is beyond dispute that Basingers were aware that the action against the physician had failed and that they had a potential claim against Mr. Sullivan when they received his letter of February 11, 1985. At that time nearly seventeen months remained before the limitation period for instituting suit against Sullivan would expire. From that point there is no suggestion whatever that Sullivan did anything that could be construed as causing them to delay. Basingers' failure to commence their action within that period must be taken to bar their claim against Sullivan. *Spoljaric, supra.*

We sympathize with Basingers but point out their own responsibility in considering what has transpired. We certainly do not suggest that they are left remediless. We must find under the circumstances, however, that the trial court correctly determined their claim in this suit was barred.

Affirmed.

STATON and SULLIVAN, JJ., concur.