Thomas J. GROEN, Plaintiff–Appellant,

v.

James A. ELKINS, Frank J. Pekofski and United Farm Bureau Mutual Insurance Company, Defendants–Appellees.

No. 46A03–8907–CV–303.

Court of Appeals of Indiana, Third District.

March 21, 1990.

Glenn J. Tabor, Thomas F. Macke, Blachly, Tabor, Bozik & Hartman, Valparaiso, for plaintiff-appellant.

Mark L. Phillips, Newby, Lewis, Kaminski & Jones, LaPorte, for defendant-appellee United Farm Bureau Mut. Ins. Co.

Frank J. Pekofski, Tucson, Ariz., pro se.

GARRARD, Presiding Judge.

Thomas J. Groen (Groen) appeals the trial court's grant of United Farm Bureau Insurance Co.'s (Farm Bureau) motion for summary judgment based on the grounds that the statute of limitations had run before Groen filed suit. We reverse and remand.

This is the second time that this case has been before us. *See United Farm Bureau Ins. Co. v. Groen* (1985), Ind.App., 486 N.E.2d 571. In our prior opinion we held that Farm Bureau, James A. Elkins' insurer, could be liable for the torts of Farm Bureau's attorney, Frank A. Pekofski. Farm Bureau had retained Pekofski to pursue its subrogation rights against Groen following a traffic accident between Groen and Elkins on October 19, 1978. Pekofski filed suit on behalf of Elkins (and Farm Bureau) on May 19, 1980 but was unable to effectuate service of process upon Groen via either certified mail to the post office box listed in the accident report or by a similar mailing through the Secretary of State's office. Nonetheless, Pekofski convinced the trial court that service via the Secretary of State was sufficient service upon persons who refuse certified mail. Alternatively Pekofski argued that Groen must have moved out of state [1] and service upon ex-residents could likewise be made upon their statutorily appointed agent, the Secretary of State. A default judgment was entered on March 30, 1981. Pekofski, on August 16, 1981, notified the BMV of

---

1. Pekofski based that assumption upon knowledge that the certified letters were not accepted and upon information from the Bureau of Motor Vehicles (BMV) that the license plates on the garbage truck Groen drove, which truck was registered to Groen Brothers of Indiana, had been previously suspended by the BMV for failure to provide proof of financial responsibility.

the judgment thereby seeking suspension of Groen's driver's license in Indiana or in any state where he might be found. Almost two years later, on August 2, 1983, the BMV suspended Groen's license without notice to him. On September 19, 1983 Groen was arrested [2] and on December 28, 1983 he filed suit for negligence and abuse of process against Elkins and Pekofski. Groen amended his complaint on December 12, 1984 to name Farm Bureau as a party defendant.

## ISSUES

Restated Groen's sole issue in this appeal concerns the propriety of the trial court's grant of summary judgment in Farm Bureau's favor based on the conclusion that the statute of limitations had expired. However, before we reach that issue we must first consider Farm Bureau's argument that Groen herein attempts to appeal from an interlocutory order that has not been properly certified for appeal.

## DISCUSSION

■ Farm Bureau argues that, because Groen has failed to comply with Rule 4(B)(6) of the Rules of Appellate Procedure relating to certification of issues for interlocutory appeals, we should dismiss Groen's appeal. Farm Bureau believes that the trial court's order did not resolve all issues as between all parties and, as such, was not an appealable order without certification. Farm Bureau's motion for summary judgment specifically requested that the trial court expressly direct, pursuant to Trial Rule 54(B), entry of final judgment upon its determination that there was no just reason for delay. Nonetheless, the trial court's summary judgment entry did not specify whether it was issuing a final

order. Thus, Farm Bureau argues, because that order as issued does not resolve any issues between Groen and Farm Bureau's attorney, Pekofski, this is an impermissible appeal of an interlocutory order.

Assuming that the trial court's entry was not a final judgment, we are not prohibited from reviewing the issue decided by the trial court. Under Appellate Rule 4(E), we may "pass upon such adjudicated issues as are severable...." We will consider the merits of Groen's appeal.

Groen complains that the trial court erroneously entered summary judgment. His argument has three points. We reverse on the first and, accordingly, address it alone. That issue concerns the application of a discovery rule to the tort of abuse of process so as to date the accrual of that action at that time when the plaintiff actually knew of or reasonably should have discovered the injury to, or impingement of, a legally protected interest. We find that a discovery rule is applicable to Groen's action.

■ As we noted in *Brown v.·Robertson* (1950), 120 Ind.App. 434, 437, 92 N.E.2d 856, 857, we "have seldom had occasion to consider actions for damages for the abuse of legal process." [3] Prosser and Keeton state the actions simply:

The essential elements of abuse of process, as the tort has developed, have been stated to be: first, an ulterior purpose, and second, a wilful act in the use of the process not proper in the regular conduct of the proceeding.

Prosser and Keeton, *The Law of Torts*, 898 (5th ed. 1984). However, Prosser and Keeton cite our *Brown* decision in support of the caveat that "there is no liability where the defendant has done nothing more than

2. Criminal charges against Groen were dropped when the default judgment was lifted. The record does not reflect the basis for the removal of that default.

3. Perhaps the unpopularity of and Farm Bureau's misunderstanding of the action stem from the unfortunate use of the term "process" in the name of the tort. "Process" should not be "limited to the strict sense of the term, but [should be] broadly interpreted to encompass

the entire range of 'procedures' incident to litigation.... This broad reach of the 'abuse of process' tort can be explained historically, since the tort evolved as a 'catch-all' category to cover improper uses of the judicial machinery...." *Barquis v. Merchants Collection Ass'n. of Oakland* (1972), 7 Cal.3d 94, 104, n. 4, 101 Cal.Rptr. 745, 752, 496 P.2d 817, 824. *See also Italian Star Line v. United States Shipping, etc. Corp.* (2d Cir.1931), 53 F.2d 359, 361.

carry out the process to its authorized conclusion, even though with bad intentions." *Id.* at 898, n. 14. *See also Brown, supra,* 120 Ind.App. at 438, 92 N.E.2d at 858.

Consequently, the issues upon remand, in light of our resolution of the statute of limitations issue in Groen's favor as set forth below, will be whether Pekofski intentionally misused the judicial machinery either in taking the default judgment via the means of substituted service of process he employed or in seeking suspension of Groen's license based upon that subsequently invalidated default judgment. Of course, if Pekofski's acts were procedurally and substantively proper under the circumstances, his intent is simply irrelevant. The record now before us does not permit us to consider the propriety of Pekofski's legal maneuvers.

We turn now to the heart of this appeal: whether the discovery rule ought to apply to an abuse of process claim. The trial court concluded that Groen's action accrued either on March 30, 1981 (the date the default judgment was entered) or on August 16, 1981 (the date notice of the judgment was sent to the BMV). Using either of these dates, the trial court reasoned that Groen's suit as filed against Farm Bureau in December of 1983 or 1984[4] would be time barred by the two year statute of limitations held applicable to abuse of process claims in *Cassidy v. Cain* (1969), 145 Ind.App. 581, 251 N.E.2d 852. *See also* IC 34–1–2–2(1). Furthermore, the trial court concluded that the discovery rule as discussed in *Barnes v. A.H. Robins Co., Inc.* (1984), Ind., 476 N.E.2d 84 and *Burks v. Rushmore* (1986), Ind.App., 499 N.E.2d 762, *vacated* (1986), Ind., 534 N.E.2d 1101, was inapplicable.[5] We disagree.

The discovery rule was not in issue in *Cassidy,* so that court's conclusion, that "the cause of action for abuse of process is complete as soon as the acts complained of are committed," does not foreclose consideration of this matter. *See, Cassidy, supra,* 145 Ind.App. at 590, 251 N.E.2d at 857. In *Cassidy* the plaintiff optometrist complained that competing optometrists improperly (and ultimately unsuccessfully) challenged his professional abilities before the Indiana State Board of Registration and Examination in Optometry. That challenge was filed with the Board in December 1960. Cassidy was aware of the 1960 filing, yet his own suit sounding in tort for abuse of process and malicious prosecution was not filed until August of 1963. This court found that the abuse of process claim was time barred. That holding is consistent with our ruling today.

Subsequent to *Cassidy,* in *Barnes* and again in *Burks,* our supreme court directly addressed the discovery rule which rule works to date the accrual of a plaintiff's tort action at that time when " 'there has been notice of an invasion of the legal right of the plaintiff or he has been put on notice of his right to a cause of action.' " *Shideler v. Dwyer* (1981), 275 Ind. 270, 286–87, 417 N.E.2d 281, 291 (holding discovery rule inapplicable under facts presented), *quoted in Barnes v. A.H. Robins Co., Inc., supra,* 476 N.E.2d at 87. That is, under the discovery rule the accrual of a claim for relief occurs only upon "reasonable ascertainability of actionable damages." *Burks, supra,* 534 N.E.2d at 1105. To the extent that *Cassidy* states a contrary rule, it was overruled by *Burks.*

Farm Bureau asserts that Groen's discovery rule argument confuses the amount of damages with the occurrence thereof. *See Basinger v. Sullivan* (1989), Ind.App., 540 N.E.2d 91. We disagree. In *Basinger* the plaintiffs, protagonists in an "extremely unfortunate chronicle of [both medical and legal] malpractice," sought to date their legal malpractice claim against the

---

4. The trial court did not specify whether it considered Groen's action against Farm Bureau to have been filed as part of his amended complaint in December of 1984 or, pursuant to Trial Rule 15(C), backdated to December 28, 1983 when the original complaint was filed. That matter does not impact this opinion.

5. The supreme court also addressed the discovery rule in the recent case of *Covalt v. Carey Canada, Inc.* (1989), Ind., 543 N.E.2d 382.

attorney who missed the filing deadline on the medical malpractice claim from the date when the trial court entered summary judgment for the doctor. *Id.* We concluded there that the Basingers' claim against the attorney likely accrued when they learned of or discovered the missed deadline. *Id.* at 94. Thus, while the *Basinger* plaintiffs confused the issue of occurrence and amount of damages, the same cannot be said of Groen. Groen correctly argues that his action accrued when he first discovered or should have discovered Pekofski's acts. It just so happens in this case that Groen assertedly received actual knowledge of Pekofski's allegedly tortious conduct at or about the same time Groen incurred the bulk of the damages resulting from that conduct. Farm Bureau is mistaken in its belief that application of a discovery rule here would violate our holding in *Basinger.*

Construing the available facts in his favor as we are bound to do, from this record it must be said that Groen did not have actual knowledge of Elkins' suit or the default judgment until he was arrested. Consequently we cannot determine whether Groen's claim is time barred. Under *Burks* the statute of limitations on Groen's abuse of process claim arising out of Pekofski's allegedly improper pursuit of the default judgment or license suspension "commenced to run when [the] resultant damage was ascertained or [was] ascertainable by due diligence." *Burks, supra,* 534 N.E.2d at 1104. That is, in this case determining when Groen's action accrued is a factual matter that was not foreclosed by the materials before the court.

The summary judgment is reversed and the case is remanded for further proceedings consistent herewith.

Reversed and remanded.

MILLER, J. concurs.

STATON, J. concurs in result and files separate opinion.

STATON, Judge, concurring in result.

I concur with the Majority's treatment of the discovery rule, but I cannot concur completely with the Majority's application of the Appellate Rules of Procedure. It seems to me that there has been a misapplication of the rules as well as a misconception of the procedural posture of this appeal. First, the assumption indulged by the Majority under the guise of Appellate Rule 4(E) is misplaced. It is misplaced in the appellate sequence and misplaced as to the Rule's intended purpose as well. Appellate Rule 4(E) applies only to the dismissal of appeals which are already before the court under the rules as interlocutory appeals or as final judgments. The Rule 4(E) has nothing to do with qualifying or legitimizing the entry of a cause of action from a trial court into the appellate pipeline for review. Furthermore, the assumption indulged by the Majority is not necessary to review what is in substance a final judgment.

Pekofski as the agent of Farm Bureau has an identical claim interest. If the statute of limitations has run against Farm Bureau, it has certainly run against Pekofski. There is only one claim—Groen's suit for abuse of legal process. In a like manner, there is only one claim to defend against. In substance, there are no multiple claims. In substance, Pekofski and Farm Bureau are one party as to interest and as to liability exposure. The fact that as a matter of form in the pleadings they are treated as separate parties belies true procedural status of the parties. The identity of liability exposure, the identity of interest as well as the obvious principal-agent relationship completely destroy any contention that the judgment was anything other than what the trial court obviously intended—a rendering of an appealable final judgment. An interlocutory appeal was never considered by the trial court.