## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 23 2019, 8:41 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Brenda L. White
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Crystal G. Rowe
Kightlinger & Gray, LLP
New Albany, Indiana

Louis J. Britton
Kightlinger & Gray, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brenda L. White,
*Appellant-Plaintiff,*

v.

Macey & Swanson LLP,
*Appellee-Defendant.*

September 23, 2019

Court of Appeals Case No.
18A-CT-2854

Appeal from the Marion Superior Court

The Honorable Gary L. Miller, Judge

Trial Court Cause No.
49D03-1703-CT-9677

**Barnes, Senior Judge.**

# Statement of the Case

Brenda L. White appeals the trial court's grant of summary judgment to Macey & Swanson LLP (M&S). We affirm.

# Issue

The primary issue is whether the trial court erred in granting summary judgment to M&S.

# Facts and Procedural History

In 1995, White filed complaints at the Indiana Worker's Compensation Board against two temporary services agencies. She claimed that she was exposed to dangerous chemicals while she was working at jobs she obtained through the temp agencies, and the chemicals harmed her.

In 1998, White hired Richard Swanson of M&S to represent her in the worker's compensation cases. He negotiated a settlement agreement with the temp agencies in 1999. White received $1,000 from each agency, and the parties stipulated to the dismissal of both cases. The Board accepted the stipulations and issued final judgments in both cases.

In 2011, White filed a complaint with the Indiana Supreme Court Disciplinary Commission against Swanson. She alleged that she had continued to experience harm from the chemical exposure and that Swanson had failed to provide adequate representation in the worker's compensation cases. The Commission dismissed her complaint with no further action. White filed

additional, similar complaints against Swanson in 2013 and 2017, and the Commission also dismissed them.

[6]     The current case began on March 10, 2017, when White filed a civil complaint against Swanson under Cause Number 49D03-1703-CT-9677 (CT-9677), alleging malpractice arising out of Swanson's representation in the worker's compensation cases. Swanson filed a motion for summary judgment, which the trial court granted on January 12, 2018. White filed a motion to correct error, which the trial court denied.

[7]     On March 1, 2018, Swanson filed a notice of chapter 7 bankruptcy filing. On March 6, 2018, White filed a notice of appeal, initiating a case in this Court under Cause Number 18A-CT-437. That case is being held in abeyance while Swanson's bankruptcy case proceeds.

[8]     Meanwhile, on May 3, 2018, White filed a complaint against M&S in CT-9677, alleging malpractice arising out of the firm's representation in the worker's compensation cases. M&S filed a motion for summary judgment, asserting that White's claim was barred by the applicable statute of limitation. Next, White filed a one-page motion asking the trial court to toll or waive the statute of limitation. The trial court denied White's motion and held oral argument on M&S's motion for summary judgment. On November 1, 2018, the trial court granted M&S's motion for summary judgment and entered judgment in favor of M&S. This appeal followed.

# Discussion and Decision

## 1. Procedural Default

[9] M&S argues that White has waived appellate review of her claims because her appellant's brief fails to comply with the Indiana Rules of Appellate Procedure. Pro se litigants are held to the same legal standards as licensed attorneys. *Basic v. Amouri*, 58 N.E.3d 980, 983 (Ind. Ct. App. 2016). "We will not become an 'advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood.'" *Id.* at 984 (quoting *Perry v. Anonymous Physician 1*, 25 N.E.3d 103, 105 n.1 (Ind. Ct. App. 2014), *trans. denied*). While we prefer to decide issues on the merits, where an appellant's noncompliance with the Appellate Rules is so substantial as to impede our consideration of the issues, we may deem the alleged errors waived. *Id.*

[10] Indiana Appellate Rule 46 governs the arrangement and contents of appellate briefs. Specifically, Appellate Rule 46(A)(2) states that all appellant's briefs must contain a table of authorities, as follows: "The table of authorities shall list each case, statute, rule, and other authority cited in the brief, with references to each page on which it is cited. The authorities shall be listed alphabetically or numerically, as applicable." In addition, Appellate Rule 46(A)(4) requires an appellant to provide a statement of issues, which "shall concisely and particularly describe each issue presented for review." Appellate Rule 46(A)(5) provides that an appellant's brief shall include a statement of the case, which "shall briefly describe the nature of the case, the course of the proceedings

relevant to the issues presented for review and the disposition of these issues by the trial court . . . ."

[11] Next, Appellate Rule 46(A)(6) requires an appellant to state the "facts relevant to the issues presented for review," "in narrative form." Finally, Appellate Rule 46(A)(8) mandates the inclusion of an argument section, subject to the following relevant requirements:

> (a) The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22.

> (b) The argument must include for each issue a concise statement of the applicable standard of review; this statement may appear in the discussion of each issue or under a separate heading placed before the discussion of the issues. In addition, the argument must include a brief statement of the procedural and substantive facts necessary for consideration of the issues presented on appeal, including a statement of how the issues relevant to the appeal were raised and resolved by any Administrative Agency or trial court.

[12] White's appellant's brief fails to comply with any of these requirements. The brief's table of authorities is a discussion of White's health history and interactions with Swanson, rather than a list of cases, statutes, and other authorities. In fact, the brief does not contain any citations to statutes or cases.

[13] In addition, the brief's statement of issues more closely resembles a statement of facts, continuing to describe White's health history and interactions with

Swanson, without any citations to the record. Next, the brief's statement of the case does not provide any information about the trial court proceedings. White instead discusses Swanson's bankruptcy case and her request for relief from M&S. Our discussion of the procedural history of this case, as set forth above, is drawn entirely from the appellee's brief.

[14] Next, the appellant brief's statement of facts, which consists of four lines of text with no citations to the record, contains nothing but inappropriate argument:

> Richard Swanson did breach our agreement. He was negligent in not allowing me to see the Eli Lilly Doctor to treat and test me with the proper chemicals. He refused to contact the doctor after I gave him the message from the doctor. Ultimately, the sensitivities has caused irreparable damage that has affected the immune system.

Appellant's Br. p. 5.

[15] Finally, the argument section of White's brief is inadequate, consisting of only two sentences and lacking any reference to the standard of review or citations to authority. The brief fails to make clear that this is an appeal from a grant of summary judgment.

[16] White's noncompliance with Appellate Rule 46 is so substantial and fundamental that it has impeded our consideration of her malpractice claim. The appellee's brief provided the factual and procedural history that White's brief lacks, but M&S's brief does not excuse her noncompliance. Addressing White's malpractice claim would require this Court to review the record and

research the law on her behalf, which we will not do. She has waived appellate review of her claim. *See Vandenburgh v. Vandenburgh*, 916 N.E.2d 723, 730 (Ind. Ct. App. 2009) (claim waived for failure to cite adequate authority; appellant cited only two cases on child support claim, both addressing standard of review rather than the merits).

## 2. Summary Judgment – Statute of Limitation

[17] Although White has waived review of her malpractice claim, we choose to address the statute of limitation issue that M&S raised in its motion for summary judgment. Orders for summary judgment are reviewed de novo and require this Court to apply the same standard of review that the trial court uses. *AM Gen. LLC v. Armour*, 46 N.E.3d 436, 439 (Ind. 2015). A party moving for summary judgment must designate evidence showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). Upon this showing, the nonmoving party then has the burden to designate evidence demonstrating that there is a genuine issue of material fact. *AM Gen.*, 46 N.E.3d at 439. We view the designated evidence in the light most favorable to the nonmoving party. *Neff v. Wal-Mart Stores E., LP*, 113 N.E.3d 666, 670 (Ind. Ct. App. 2018), *trans. denied*.

[18] A lawsuit for an "injury to person or character," including legal malpractice, must be commenced within two years after the cause of action accrues. Ind. Code § 34-11-2-4 (2013); *see also Estate of Spry v. Batey*, 804 N.E.2d 250, 252 (Ind. Ct. App. 2004), *trans. denied*. The cause of action of a tort claim accrues

and the statute of limitation begins to run when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another. *Keep v. Noble Cty. Dep't of Pub. Welfare*, 696 N.E.2d 422, 425 (Ind. Ct. App. 1998), *trans. denied*.

[19] White, through M&S attorney Swanson, settled her worker's compensation cases in 1999. At some point, White's negative health effects from her exposure to chemicals failed to resolve, or they became more severe, and she determined Swanson should have sent her to a different doctor for consultation or treatment. The record establishes she believed Swanson had tortiously caused her harm at least as early as 2011, when she filed a disciplinary complaint against him. Despite believing in 2011 that Swanson and his firm had harmed her, White failed to file suit against M&S for approximately seven years, well beyond the two-year statute of limitation.

[20] White argues that the statute of limitation did not expire until April 30, 2019, but she cites to no evidence or authority in support of that argument. We conclude White's malpractice claim against M&S is barred by the statute of limitation, and the trial court did not err in granting M&S's motion for summary judgment. *See Dickes v. Felger*, 981 N.E.2d 559, 563 (Ind. Ct. App. 2012) (legal malpractice claim barred by statute of limitation; clients discovered attorneys' alleged neglect in 2006 but waited almost three years to file suit).

# Conclusion

[21] For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

Najam, J., and Tavitas, J., concur.